# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration filed by Plaintiffs (Doc. 112). For the following reasons, this Motion is **DENIED**.

## BACKGROUND

In this suit, Plaintiffs challenge the manner in which the Jefferson Parish Drug Court is conducted. The allegations of Plaintiffs' Complaints have been detailed and length in the Court's earlier Order and Reasons and need not be repeated here.[1] In the instant Motion, Plaintiffs ask the Court to reconsider its dismissal of their class action allegations against Defendants Drug Court Administrator Kristen Becnel, Program Supervisor Tracy Mussal,

---

[1] Doc. 110.

Probation Coordinator Kevin Theriot, and Director of Counseling Joe McNair. Defendants Becnel, Mussal, and Theriot oppose this Motion.

## LEGAL STANDARD

Motions to reconsider interlocutory orders are governed by Rule 54(b), which allows a district court to "revise[] at any time" "any order or other decision . . . [that] does not end the action."[2] "[T]he trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[3] "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[4]

## LAW AND ANALYSIS

In its earlier Order and Reasons the Court dismissed Plaintiffs' class allegations because they had pleaded insufficient facts relative to the existence of a class. The Court finds the instant Motion perplexing, however, as the Court granted Plaintiffs leave to amend their Complaint to remedy its deficiencies. Additionally, Plaintiffs offer no new evidence or arguments from which the Court could conclude that its earlier Order should be reversed. Accordingly, Plaintiffs' Motion for Reconsideration is denied.

---

[2] Fed. R. Civ. P. 54(b).
[3] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing FED. R. CIV. P. 54(b)), abrogated on other grounds, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n 14 (5th Cir. 1994).
[4] *Austin v. Kroger Texas, L.P.*, No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. Apr. 14, 2017) (citing *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015)).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana this 31st day of July, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**