# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

The Court sua sponte raised the issue of its jurisdiction to entertain Plaintiff's official capacity claims against Defendants Kristen Becnel, Tracey Mussal, Kevin Theriot, and Joe McNair. Having received and considered briefing on the subject, the Court finds that these claims must be **DISMISSED**.

## BACKGROUND

Plaintiffs challenge the manner in which the Jefferson Parish Drug Court is conducted. The allegations of Plaintiffs' Complaints have been detailed at length in the Court's earlier order and Reasons and need not be

1

repeated here.¹ In that Order, however, the Court directed the parties to file briefs addressing whether this Court has jurisdiction to entertain official capacity claims against Drug Court Administrator Kristen Becnel, Program Supervisor Tracy Mussal, Probation Coordinator Kevin Theriot, and Director of counseling Joe McNair. For the following reasons, the official capacity claims are dismissed for lack of jurisdiction.

## LAW AND ANALYSIS

In its earlier order, the Court noted that Plaintiffs appeared to seek relief against Becnel, Mussal, Theriot, and McNair in their official capacities. The Court sua sponte raised the issue of its jurisdiction to entertain such claims. These suits are directed at these individuals based on their role within the Drug Court system. Official capacity claims merely represent an alternative means of pleading a cause of action against the entity of which the individual is a member—here, the Jefferson Parish Drug Court.² Despite Plaintiffs' arguments to the contrary, it is apparent from the statute authorizing the Drug Court that it exists under the auspices of the 24th Judicial District Court for the Parish of Jefferson. These official capacity claims, therefore, are actually suits against the 24th Judicial District Court itself. Any such suit is precluded by the immunity provisions of the Eleventh Amendment. Indeed, "Courts in this and other circuits routinely hold that state courts are immune from suit under the Eleventh Amendment."³

---

¹ Doc. 110.
² *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.").
³ *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 2742374, at *1 (E.D. La. May 11, 2016) ("See, e.g., *Jefferson v. La. State Supreme Court*, 46 Fed. Appx. 732, *1 (5th

## CONCLUSION

For the foregoing reasons, Plaintiffs' official capacity suits against Drug Court Administrator Kristen Becnel, Program Supervisor Tracy Mussal, Probation Coordinator Kevin Theriot, and Director of counseling Joe McNair are DISMISSED for lack of jurisdiction.

New Orleans, Louisiana this 1th day of August, 2017.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE

---

Cir. 2002) ("The Eleventh Amendment clearly bars [plaintiff's] § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government."); *Bourgeois v. Par. of Jefferson*, 20 F.3d 465, *1 (5th Cir. 1994) (holding that the Orleans Parish Civil District Court is "an agency of the state" entitled to Eleventh Amendment immunity); *Summers v. Louisiana*, No. 13-4573, 2013 WL 3818560, at *4 (E.D. La. July 22, 2013) (holding that an official capacity claim against a state court judge "would in reality be a claim against the state itself, and...would be barred by the Eleventh Amendment"); *Wilkerson v. 17th Judicial Dist. Court*, No. 08-1196, 2009 WL 249737, at *4 (E.D. La. Jan. 30, 2009) ("It is clear that the Eleventh Amendment bars § 1983 claims against a state court."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524, at *3 (E.D. La. June 21, 2007) ("[T]he Eleventh Amendment likewise bars § 1983 claims against a state court."); *see generally Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997) (noting that state courts are not "persons" under section 1983 and are otherwise immune from suit as an arm of the state government); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995) (holding that Oklahoma Court of Criminal Appeals is immune from suit under Eleventh Amendment as "a governmental entity that is an arm of the state"); *Landers Seed Co., Inc. v. Champaign Nat'l Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994) ("The Eleventh Amendment, however, bars federal suits against state courts and other branches of state government[.]"); *Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) ("Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment anyway.")").