# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Jefferson Parish (Doc. 140). For the following reasons, Defendant's Motion is GRANTED.

## BACKGROUND

The Court and parties are familiar with the facts of this case. For a complete explanation see the Court's Order and Reasons of October 31, 2017.[1]

Plaintiffs Second Amending and Supplementing Complaint ("Second Amending Complaint") asserts for the first time claims against Defendant Jefferson Parish.[2] Plaintiffs allege that Drug Court is an entity of Jefferson Parish, and state that they are asserting a *Monell* claim against the Parish for employing a policy or custom of constitutional violations in Drug Court procedures. Defendant Jefferson Parish now moves to dismiss all claims against it on the grounds that Jefferson Parish has nothing to do with Drug Court, which is instead an entity of the 24th Judicial District Court.

---

[1] Doc. 178.
[2] *See* Doc. 117.

1

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The Court need not, however, accept as true legal conclusions couched as factual allegations.[6]

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[8] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[9]

## LAW AND ANALYSIS

Against all Defendants, Plaintiffs generally allege that they were deprived of various constitutional rights in their interactions with Drug Court. Plaintiffs' specific allegations against Defendant Jefferson Parish are as follows:

---

[3] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[4] *Id.*
[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[6] *Iqbal*, 556 U.S. at 667.
[7] *Id.*
[8] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).
[9] *Lormand*, 565 F.3d at 255–57.

a) Defendants Joe McNair and McNair & McNair, LLC ("McNair Defendants") provided services to Drug Court pursuant to a contract with Jefferson Parish.[10]

b) Drug Court is an entity of Jefferson Parish, and the actions of the various Defendant officials represent a policy or custom of the Parish to deprive Plaintiffs of constitutional rights.[11]

c) Drug Court was formed under Louisiana Revised Statutes § 13:5304 which gives parishes the power to create drug courts.[12]

d) The drug court treatment program is separate from the drug division of the 24th Judicial District Court, and was established by Jefferson Parish.[13]

e) Jefferson Parish established the "Drug Court Team" to run the treatment program.[14]

f) Jefferson Parish failed to train Drug Court officials.[15]

g) Policymakers in the Jefferson Parish District Attorney's office were aware of the ongoing violations.[16]

h) Policymakers in Jefferson Parish were aware of the ongoing violations and allowed them to continue.[17]

The Court has already decided that Drug Court, as a matter of law, is an entity of the 24th Judicial District Court and not Jefferson Parish.[18] Accordingly, Plaintiffs' various direct allegations that Drug Court is an entity

---

[10] Doc. 117 at 2–3, ¶¶ 105, 153, 155, 157.
[11] Doc. 117 ¶¶ 101, 106, 115, 122, 207–08, 227, 232, 239.
[12] Doc. 117 ¶ 108.
[13] Doc. 117 ¶¶ 109, 112.
[14] Doc. 117 ¶¶ 113–14.
[15] Doc. 117 ¶ 212.
[16] Doc. 117 ¶ 213.
[17] Doc. 117 ¶¶ 214, 227, 239.
[18] *See* Doc. 136.

of Jefferson Parish—(b), (c), (d), and (e)—fail to state a claim. Allegations (f), (g), and (h) indirectly depend on Drug Court being an entity of Jefferson Parish, as Plaintiffs have alleged no other reason why Jefferson Parish would be responsible for training or supervising Drug Court officials. Accordingly, those allegations also fail to state a claim.

Allegation (a), that the McNair Defendants are employed by Jefferson Parish, could, if true, state a claim against Defendant Jefferson Parish even if the entire Drug Court program is not run by the Parish. However, Defendant Jefferson Parish submits copies of the McNair Defendants' contracts with Drug Court over several years, and they do not mention Jefferson Parish.[19] While a court must limit itself to the contents of and attachments to the pleadings when deciding a Rule 12(b)(6) motion, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[20] Here, Plaintiffs' Second Amending Complaint alleges that, "McNair & McNair, LLC . . . provided via contract, counseling services to the Parish of Jefferson."[21] Plaintiffs' Complaint therefore specifically refers to, and at least partly depends on, the contracts that Defendant Jefferson Parish has attached to its Motion to Dismiss. The Court may consider the contracts without converting the motion to one for summary judgment.

The contracts state that, "This Agreement is made an entered into . . . between the 24th Judicial District Intensive Probation Drug Court for the Parish of Jefferson, through its Chief Judge, the Honorable John J. Molaison

---

[19] Doc. 176-1.
[20] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)); *see also* Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).
[21] Doc. 117 at 2.

4

Jr., . . . and Joe McNair . . . ."[22] The Court finds that the contract is evidence that the McNair Defendants contracted with the 24th Judicial District Court, and not with Defendant Jefferson Parish. Plaintiffs do not dispute the authenticity of this contract, nor have Plaintiffs supplied any other contract between Jefferson Parish and either of the McNair Defendants. Accordingly, Plaintiffs' allegation (a), that the McNair Defendants provided services to Drug Court pursuant to a contract with Jefferson Parish, also fails to state a claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED. Plaintiffs' claims against Defendant Jefferson Parish are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana this 7th day of November, 2017.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] Doc. 176-1 at 1.