UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are the McNair Defendants' Motion to Dismiss State-Law Claims on Jurisdictional Grounds (Doc. 181), the McNair Defendants' Motion for Reconsideration of Denial of Motion to Dismiss Therapist Malpractice Claim (Doc. 182), Plaintiffs' Motion for Reconsideration of Order Dismissing Claims for Injunctive and Declaratory Relief (Doc. 189), Defendant Drug Court Administrators' Motion for Entry of Judgment (Doc. 197), Plaintiffs' Motion for a Certificate of Appealability (Doc. 191), and Defendant Marino's Motions to Reconsider, for Judgment on the Pleadings, and to Strike (Doc. 199). The Court will address each in turn.

## BACKGROUND

Plaintiffs Taylor Carlisle and Emile Heron were convicted of the possession of various controlled substances and, as a part of their sentences, enrolled in the Drug Court program of the 24th Judicial District Court.[1] Plaintiffs allege that the program administrators deprived them of due process

---

[1] Docs. 1, 14. For a more complete description of the procedural history of the case, with which the Court and parties are no doubt familiar, see the Court's Order and Reasons of October 31, 2017, Doc. 178.

in various ways, leading to unlawful incarcerations and other negative consequences.

Plaintiffs' Complaint[2] and First Supplementing Complaint[3] name as defendants Jefferson Parish Sherriff Newell Normand; Kristen Becnel, Tracy Mussal, and Kevin Theriot (collectively, the "Drug Court Administrators"); Joseph McNair, a professional counselor and the Drug Court clinical director; Joe Marino, the attorney working with Drug Court, and Richard Thompson, his supervisor.[4] Plaintiffs assert claims for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 regarding the allegedly illegal procedures employed by Drug Court, damages pursuant to § 1983, and state-law claims of professional negligence against Defendants McNair, Marino, and Thompson. Plaintiffs also seek certification of two classes of similarly situated Drug Court participants.

Three groups of Defendants moved separately to dismiss Plaintiffs' claims as stated in their Complaint and First Supplementing Complaint. In a consolidated Order and Reasons issued May 23, 2017, the Court dismissed with prejudice the personal-capacity claims against Defendant McNair under § 1983 because McNair had qualified immunity, and the personal-capacity claims for damages against the Drug Court Administrators under § 1983 because the they enjoyed absolute judicial immunity.[5] The Court also struck the class allegations against Defendants McNair and the Drug Court Administrators for the failure to plead common questions of law and fact, and dismissed other claims without prejudice.[6] Further, in an August 1, 2017 Order and Reasons, the Court dismissed with prejudice all official-capacity claims for damages

---

[2] Doc. 1.
[3] Doc. 14.
[4] Doc. 1.
[5] Doc. 110.
[6] Doc. 110.

against Defendants McNair and the Drug Court Administrators as barred by the Eleventh Amendment.[7]

Plaintiffs submitted a Second Amending and Supplementing Complaint ("Second Amending Complaint").[8] It re-asserts the entirety of the original Complaint and First Supplementing Complaint. It also adds the following parties: Officer Patricia Klees of the Gretna Police Department, alleged to be a team member of Drug Court; McNair & McNair, LLC ("McNair's Business"); Defendant Joseph McNair in his official capacity as a member of the Drug Court team; Jefferson Parish; and two unidentified insurance companies.

Defendants McNair, McNair's Business, Marino, Thompson, and the Drug Court Administrators (collectively, "the Second Group of Moving Defendants") made a second round of motions to dismiss. In an October 31, 2017 Order and Reasons, the Court dismissed the following claims with prejudice: a) all official-capacity claims for damages under § 1983 against the Second Group of Moving Defendants because Drug Court is an arm of the state and protected by Eleventh Amendment immunity, b) all official-capacity claims for injunctive or declaratory relief against the Second Group of Moving Defendants because Plaintiffs are no longer enrolled in Drug Court and thus lack standing, c) the personal-capacity claims for damages against Defendants Marino and Thompson under § 1983 because such claims are barred by *Heck v. Humphrey*,[9] d) Plaintiff Heron's state-law negligence claims against Defendants McNair and McNair's Business because Heron failed to make any factual allegations against them, and e) Plaintiffs' state-law negligence claims against Defendant Thompson because Plaintiffs alleged no facts specific to

---

[7] Doc. 136.
[8] *See* Doc. 117.
[9] Heck v. Humphrey, 512 U.S. 477 (1994).

Thompson.[10] Additionally, the Court struck the class allegations related to the negligence claims against Defendants McNair and McNair's Business for failing to plead common questions of law and fact.

The Court declined to dismiss the state-law negligence claims asserted against Defendant Marino by Plaintiffs Carlisle and Heron, and against Defendants McNair and McNair's Business by Plaintiff Carlisle, finding that Plaintiffs stated a plausible claim for relief and that the Court would continue to exercise supplemental jurisdiction over the state-law claims while federal claims related to the same events remained pending against other defendants.

On November 7, 2017, the Court dismissed without prejudice Plaintiffs' claims against Defendant Jefferson Parish, finding that Plaintiffs failed to allege any facts connecting Jefferson Parish to Drug Court.[11]

At this point, the claims remaining in this action are as follows:

1) Plaintiff Carlisle's negligence claims against Defendants McNair and McNair's Business;
2) Plaintiffs Carlisle and Heron's malpractice claims against Defendant Marino;
3) Plaintiffs' claims for declaratory and injunctive relief and damages under § 1983 against Defendant Sherriff Normand;
4) Plaintiffs' claims for declaratory and injunctive relief and damages under § 1983 against Defendant Klees;

Now before the Court are a group of motions relating to the reconsideration or finality of the Court's rulings described above. The Court will address each in turn.

---

[10] Doc. 178.
[11] Doc. 179.

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[12] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[13] The proponents of federal court jurisdiction—in this case, Plaintiffs—bear the burden of establishing subject matter jurisdiction.[14]

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b), which states that: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[15] "[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration governing final orders."[16]

---

[12] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[13] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[14] *See* Physicians Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).
[15] Austin v. Kroger Tex., L.P., No. 16-10502, 2017 WL 1379453, at *9 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[16] *Id.* (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. App'x. 829, 832 (4th Cir. 2011) (internal quotations removed).

## LAW AND ANALYSIS

I. **The McNair Defendants' Motion to Dismiss State-Law Claims on Jurisdictional Grounds (Doc. 181)**

Defendants McNair and McNair's business move to dismiss Plaintiff Carlisle's state-law negligence claims against them on the grounds that the Court lacks jurisdiction.[17] They argue that there is no longer a common nucleus of operative facts between Plaintiff's negligence claim against them and Plaintiffs' remaining federal claims against Defendants Klees and Sheriff Normand.

This Court already concluded that Plaintiffs' state-law negligence claims against Defendant Marino fall within the Court's supplemental jurisdiction because they share a common nucleus of operative facts with the federal claims remaining after the Court's October 31, 2017 Order and Reasons.[18] Plaintiff Carlisle's state-law negligence claims against the McNair Defendants are analogous, and the same reasoning applies. Plaintiff's allegations against the McNair Defendants, that McNair worked with the administrators of Drug Court to operate the program in contravention of best practices and assigned penalties without clinical justification, share operative facts with the § 1983 claims against Defendants Sheriff Normand and Klees, that they operated the Drug Court program in violation of due process and imposed illegal penalties. Accordingly, the McNair Defendants' Motion to Dismiss on Jurisdictional Grounds is DENIED.

II. **The McNair Defendants' Motion for Reconsideration of Denial of Motion to Dismiss Therapist Malpractice Claim (Doc. 182)**

---

[17] Doc. 181.
[18] *See* Doc.178 at 25.

6

Defendants McNair and McNair's business move the Court to reconsider its earlier denial of Defendants' motion to dismiss Plaintiff Carlisle's therapist malpractice claim for failure to allege a patient-therapist relationship.[19] Defendants argue that under *Thomas v. Kenton*, a doctor owes no duty to a plaintiff that he examines or treats when the doctor is hired by a third party for its own benefit because the existence of a duty depends on an express or implied contract between the doctor and patient.[20] Because Defendants here were hired by Drug Court, rather than Plaintiff Carlisle, they argue that there is no patient-therapist relationship and therefore that they owed no duty to Plaintiff.

The Court has considered Defendants' arguments in their Motion for Reconsideration and finds that they do not change the outcome or reasoning expressed the Court's original denial of Defendants' motion to dismiss Plaintiff's negligence claims.[21] As Defendants quote, *Thomas* is predicated on the reasoning that "any benefit that the employees receive from having a doctor there to conduct these examinations was only secondary in nature."[22] While Defendants here were hired by Drug Court, it can hardly be imagined that the benefit to Plaintiff of Defendant McNair's treatment recommendations was merely secondary to that contract. Accordingly, the McNair Defendants' Motion for Reconsideration of Denial of Motion to Dismiss Therapist Malpractice Claim is DENIED.

### III. Plaintiffs' Motion for Reconsideration of Order Dismissing Claims for Injunctive and Declaratory Relief (Doc. 189)

The Court earlier dismissed Plaintiffs' claims for injunctive and declaratory relief under 42 U.S.C. § 1983 because Plaintiffs were no longer a

---

[19] Doc. 182.
[20] *See* Thomas v. Kenton, 425 So. 2d 396, 400 (La. Ct. App. 1982).
[21] *See* Doc. 178 at 21–23.
[22] *Thomas*, 425 So. 2d at 400.

7

part of Drug Court and thus lacked standing.[23] Plaintiffs now move for reconsideration of that order based on the fact that Plaintiff Carlisle has allegedly been ordered back into Drug Court by the Louisiana Committee on Parole as a condition of his parole from the prison sentence imposed pursuant to the conviction that led him to Drug Court initially.[24] Plaintiffs argue that this triggers standing for Plaintiff Heron and the alleged class members because any past participant in Drug Court could be ordered back into Drug Court by the Parole Committee. To support their contention, Plaintiffs submit an affidavit from Plaintiff Carlisle's father who was present for the meeting of the Parole Committee and relates the content of the Committee's discussion and decision.[25]

Defendants argue that, whatever the Parole Committee may have said, Drug Court does not enroll participants who are on active parole and the Parole Committee has no power to order a prisoner into the Drug Court program.[26] Further, they argue that Plaintiffs' affidavit is inadmissible hearsay and that there is evidence the Parole Committee has already revoked for other reasons any decision ordering Plaintiff Carlisle into Drug Court.

Even considering the assertions in a light most favorable to Plaintiffs, until Plaintiff Carlisle actually re-enrolls, any interaction with Drug Court remains speculative. Defendants' arguments that Drug Court rules prohibit parolees from participating in the program only lessens the likelihood that Plaintiff Carlisle will actually be subject to the allegedly unconstitutional practices of Drug Court in the future. Accordingly, Plaintiffs' Motion for Reconsideration of Order Dismissing Claims for Injunctive and Declaratory

---

[23] Doc. 178 at 15–18.
[24] Doc. 189.
[25] Doc. 189-3.
[26] Docs. 210, 212.

8

Relief is DENIED. Plaintiffs may re-urge the motion if a plaintiff actually enrolls in Drug Court again.

## IV. Defendant Drug Court Administrators' Motion for Entry of Judgment (Doc. 197)

The Court's Order and Reasons dated May 23, August 1, and October 31 of 2017 dismiss all claims against Defendants Becnel, Mussal, and Theriot with prejudice.[27] The Court finds that there is no just reason to delay the issuance of a partial final judgment pursuant to Rule 54. Accordingly, Defendants' Motion for Judgment is GRANTED.

## V. Plaintiffs' Motion for a Certificate of Appealability (Doc. 191)

Plaintiffs move for the Court, pursuant to 28 U.S.C. § 1292(b), to certify an interlocutory appeal of this Court's dismissal of Plaintiffs' § 1983 claims on the grounds of qualified and judicial immunity. A district judge shall allow an interlocutory appeal of an order when the judge believes it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[28] Plaintiffs argue that there is substantial ground for a difference of opinion as to the controlling law because the appellate court could find that Drug Court is not an arm of the state and that judicial immunity does not apply because Drug Court acted outside of its jurisdiction. These are not, however, questions of controlling law, but rather assertions that the Court applied the law to the facts incorrectly.[29] Further, this Court does not believe that an interlocutory

---

[27] Docs. 110, 136, 178.
[28] 28 U.S.C. § 1292(b).
[29] *See* AMA Disc., Inc. v. Seneca Specialty Ins. Co., 697 F. App'x 354, 355 (5th Cir. 2017) (per curiam) ("The parties merely dispute whether the district court accurately applied this standard. . . .").

appeal will advance the termination of litigation. Accordingly, Plaintiffs' Motion for a Certificate of Appealability is DENIED.

The denial of Plaintiffs' Motion does not, however, impact the appealability of the partial final judgment entered in favor of the Drug Court Administrators, though that judgment relies in part on the same issues Plaintiffs' sought to appeal.

## VI. Defendant Marino's Motions (Doc. 199)

Defendant Marino moves the Court to a) reconsider its decision to continue to exercise supplemental jurisdiction over Plaintiffs' state-law claims, b) dismiss Plaintiffs' state-law negligence claims pursuant to Rule 12(c) for the failure to allege that Defendant's conduct caused Plaintiffs a loss, and c) to strike the class allegations against Defendant Marino pursuant to Rule 23(d)(1)(D) for failing to allege numerosity or common questions of law.

For the same reasons explained above in denying the McNair Defendants' Motion to Reconsider, Defendant Marino's Motion to Reconsider is DENIED. A common nucleus of operative facts continues to exist between the remaining federal claims and the state claims asserted against Defendant Marino. Furthermore, at this time the Court does not believe that the case has been developed enough to find that the claims against Marino present novel or complex issues of state law.

Defendant Marino's Motion for Judgment on the Pleadings is also DENIED. Plaintiffs have alleged, inter alia, that had Defendant Marino acted with due care they would not have been subject to unlawful flat-time incarcerations. Taking Plaintiffs allegations as true, they have stated a claim for legal malpractice. That Plaintiffs admit to violating Drug Court policy does not absolve Defendant Marino of any role he may have had in the consequences of those violations that Plaintiffs suffered.

Defendant Marino's Motion to Strike the class allegations against him is GRANTED. The elements of legal malpractice or professional negligence involve questions of law and facts that are unique to each plaintiff, just as those against the McNair Defendants.[30] Accordingly, the class allegations against Defendant Marino are STRICKEN.

## CONCLUSION

For the foregoing reasons, the motions contained in Documents 181, 182, 189, and 191 are DENIED. Defendant Drug Court Administrators' Motion for Entry of Judgment (Doc. 197) is GRANTED. Defendant Marino's Motions to Reconsider and for Judgment on the Pleadings are DENIED, and Defendant Marino's Motion to Strike the Class Allegations is GRANTED (Doc. 199).

Further, all motions having been considered, oral argument scheduled for December 20, 2017 is CANCELLED.

New Orleans, Louisiana this 19th day of December, 2017.

*[signature]*

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[30] *See* Doc. 178 at 24.