UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are two Motions to Strike Plaintiffs' Notice of Interlocutory Appeal, one filed by Defendants McNair & McNair, L.L.C. and Joe McNair (Doc. 236) and the other filed by Defendants Joseph Marino and Richard Tompson (Doc. 247). For the following reasons, the Motions are DENIED.

## BACKGROUND

This Court dismissed Plaintiffs' official-capacity claims under 42 U.S.C. § 1983 against Defendants McNair & McNair, L.L.C., Joe McNair, Joseph Marino, and Richard Tompson.[1] Plaintiffs' claims for damages were dismissed pursuant to sovereign immunity. Plaintiffs' claims for injunctive and

---

[1] Doc. 178.

declaratory relief were dismissed for lack of standing. The Court also dismissed Plaintiffs' personal-capacity § 1983 claims against the McNair Defendants under the doctrine qualified immunity and against Defendants Marino and Thompson pursuant to *Heck v. Humphrey*.[2] The Court dismissed personal-capacity claims against other Defendants on judicial immunity grounds. This Court denied Plaintiffs' motion for a certificate of appealability as to the Court's decisions regarding sovereign, qualified, and judicial immunity.[3]

Plaintiffs then filed a Notice of Interlocutory Appeal.[4] Paragraph four of the Notice seeks an appeal of this Court's dismissal of Plaintiffs' claims on sovereign immunity grounds. Paragraph five seeks an appeal of this Court's denial of a certificate of appealability as to sovereign immunity and judicial immunity.

The McNair Defendants move to strike paragraphs four and five from Plaintiffs' Notice of Interlocutory Appeal for the failure to follow appellate procedural requirements and the failure to obtain a certificate of appealability from this Court. Defendants Marino and Tompson move to adopt the arguments of the McNair Defendants.

## LAW AND ANALYSIS

"Generally, when an appeal is taken, the district court is divested of jurisdiction except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a)."[5]

---

[2] Doc. 178; *see also* Heck v. Humphrey, 512 U.S. 477 (1994).
[3] *See* Docs. 191, 231.
[4] Doc. 233.
[5] Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 n.3 (5th Cir. 1994).

However, an untimely or otherwise defective notice of appeal does not transfer jurisdiction.[6]

Here, the moving Defendants seek to strike only a portion of Plaintiffs' Notice of Interlocutory Appeal. Even if the issues for appeal set forth in paragraphs four and five of the Notice were defective, the Notice contains other, valid issues for appeal. Therefore, at this time the Notice is properly before the Appellate Court and this Court does not have jurisdiction to alter it.

Accordingly, Defendants' Motions are DENIED.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motions are DENIED.

New Orleans, Louisiana this 17th day of April, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[6] Gilda Indus., Inc. v. United States, 511 F.3d 1348, 1350 (Fed. Cir. 2008).