UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TAYLOR CARLISLE, ET AL. | * | CIVIL ACTION NO. 16-3767 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| NEWELL NORMAND, ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court are the Motions to Stay Discovery filed by Patricia Klees and Sheriff Joseph Lopinto, in his official capacity as Sheriff for the Parish of Jefferson (the "Sheriff"). (Rec. Docs. 316, 322). For the followings reasons, the Motions are GRANTED. Discovery is hereby stayed pending resolution of the Motions to Dismiss (Rec. Docs. 307, 308, 309).

Background

Plaintiffs Taylor Carlisle and Emile Heron were convicted of the possession of various controlled substances and, as a part of their sentences, enrolled in the Drug Court Program of the 24th Judicial District Court ("Drug Court Program"). The remaining claims in this lawsuit include Plaintiffs' putative class action claims against the Sheriff[1] and Klees under 42 U.S.C. § 1983 challenging the imposition of jail time for alleged probation violations while participating in the Drug Court Program. Plaintiffs' proposed class includes those probationers participating in the Drug Court Program who were sentenced to "flat time," or who were sentenced to jail time without a hearing or opportunity to defend, or without a record from which to appeal. Additionally, Plaintiffs have a state law claim for legal malpractice pending against Joseph Merino, and plaintiff

---

[1] Plaintiffs' Complaint names Newell Normand, who was the Jefferson Parish Sheriff at the time suit was filed. Pursuant to Federal Rule of Civil Procedure 25(d), an officer's successor is automatically substituted as a party.

1

Carlisle has a negligence claim against Joe McNair and McNair & McNair, LLC, arising out counseling services provided through the Drug Court Program.

On January 19, 2017, the District Judge granted Plaintiffs 60 days following the Court's rulings on the Motions to Dismiss to seek discovery relevant to their class action claim. (Rec. Doc. 108). Those rulings were issued on December 19, 2017. (Rec. Doc. 231). On February 19, 2018, Plaintiffs sought an extension of the deadline in light of issues that had arisen in obtaining discovery. The District Judge referred the issue of setting a new deadline for class certification discovery to the undersigned. The parties have participated in seven telephone status conferences and one oral argument with the undersigned on discovery related issues.

On May 25, 2018, Officer Klees and the Sheriff filed motions to dismiss. Klees argues she is immune from suit under principals of sovereign immunity, absolute immunity, and qualified immunity. She also alleges that Plaintiffs' class claims against her must be dismissed because Plaintiffs have not shown common issues of law and fact among the class. In a separate motion to dismiss, she argues that Plaintiffs' claims are prescribed because Klees was not added to the suit until June 13, 2017, more than one year after the conduct Plaintiffs challenge. The Sheriff argues that Plaintiffs' claims are barred by Heck v. Humphrey because they are challenging their incarceration, but their convictions have not been invalidated. The Sheriff also argues that Plaintiffs have failed to state a claim because the Sheriff has no authority to alter or amend a sentence imposed by a Judge. Plaintiffs requested and obtained a continuance of the submission date on the Motions to Dismiss, which are now set for submission on July 25, 2018.

Plaintiffs were proceeding with class certification discovery, but Klees and the Sheriff refused to appear for deposition in light of their motions to dismiss. On June 29, 2018, Klees filed

2

a Motion to Stay Discovery pending resolution of her Motions to Dismiss. The Sheriff filed a Motion to Stay Discovery or, Alternatively for a Protective Order, on July 5, 2018.

Law and Analysis

1. *Delay of Discovery*

Rule 26(c) provides that the Court "may, for good cause," protect a party from "undue burden or expense" by issuing an order "forbidding the disclosure or discovery" or "specifying terms, including time . . . for the disclosure or discovery." Fed. R. Civ. Proc. 26(c)(1)(D). Thus, the "Court may issue a protective order to stay discovery pending the disposition of a motion to dismiss and or motion for summary judgment when the party seeking such protection proves its necessity." Whitener v. PLIVA, Inc., No. CIV.A. 10-1552, 2013 WL 6086005, at *3 (E.D. La. Nov. 19, 2013). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987).

2. *Officer Klees' Motion to Stay*

Officer Klees insists that all pre-trial discovery regarding Klees should be stayed pending the District Judge's ruling on her motions to dismiss and a final determination of her claims for absolute and/or qualified immunity. She points out that qualified immunity is an immunity from suit, rather than a mere defense to liability. See Crawford-El v. Britton, 523 U.S. 574, 597–98 (1998). Indeed, where a defendant pleads qualified immunity, "a district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012) (quotation omitted). "*After* the district court finds a plaintiff has so pled, if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored

to uncover only those facts needed to rule on the immunity claim." Id. (quotation omitted). The court of appeals explained that "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." Id.

In opposing Officer Klees' motion, Plaintiffs do not argue that discovery from Klees is necessary to proceed with class certification discovery. Nor do Plaintiffs argue that they must be allowed to proceed with class discovery, despite the pending motions to dismiss that, if successful, would result in dismissal of Plaintiffs claims.

Plaintiffs argue that Klees will not be able to establish that sovereign immunity, absolute immunity, or qualified immunity protect her from suit. Plaintiffs also argue generically that discovery is required to resolve Klees' qualified immunity defense. Nonetheless, Plaintiffs cite numerous examples of records they say support their position that Klees intentionally violated the law and is therefore ineligible for qualified immunity. Indeed, pages 9 through 17 of their brief is devoted to the facts and law supporting this position. Importantly, they do not identify any specific discovery they need in order to contest the motion to dismiss. In fact, Plaintiffs urge the Court to review their opposition to the Motion to Dismiss to determine whether good cause exists to stay discovery pending a ruling on Klees' Motion to Dismiss. That pleading identifies only one area of discovery purportedly needed on the qualified immunity issue: the contents of conversations between Klees and others with the Judge on August 25, 2015, when Plaintiffs say the Judge was misinformed as to the circumstances surrounding Klees' arrest of Carlisle that same day. However, it is far from apparent that the Plaintiffs believe this discovery is necessary in order to defeat Klees' qualified immunity defense.

Plaintiffs also argue that Klees' prescription claim is without merit because the allegations against Klees in the Second Amending and Supplementing Complaint relate back to the date of filing of the original complaint. Plaintiffs do not address Klees' brief argument in her motion to dismiss that Plaintiffs have failed to state a claim that would support a class action against her. Regardless, Plaintiffs do not argue any discovery is necessary to oppose Klees' prescription defense.

The only discovery proceeding at this time is class certification discovery, which was ordered by the District Judge. As noted, Plaintiffs have not explained why the testimony of Klees is necessary to class certification discovery. At this time, it does not appear Plaintiffs are even pressing to proceed with class certification discovery. The Court finds it would be inefficient to do so now in light of the pending Motions to Dismiss. Further, to the extent the District Court determines that limited discovery should be opened for the purposes of defeating Klees' qualified immunity defense, the District Court will address this issue in resolving the Motion to Dismiss. Accordingly the Court finds that a stay of discovery as to Klees pending resolution of the Motions to Dismiss is appropriate at this time.

3. *The Sheriff's Motion to Stay*

The Sheriff joins in and adopts the Motion to Stay filed by Klees. He argues that he is entitled to a stay pending resolution of his motion to dismiss because he insists that "no amount of discovery can lead to relevant, admissible evidence that can aid Plaintiffs in prosecuting their claims against the Sheriff." The Sheriff points out he has been subject to voluminous document discovery. The Court knows this to be true from the multiple status conferences that have been conducted to discuss discovery. Plaintiffs argue that additional discovery is required so that they can oppose the Sheriff's alternative basis for dismissal: that the Sheriff lacks authority to alter or

5

amend a sentence opposed by a judge. However, Plaintiffs do not allege a factual dispute that would preclude resolution of the Sheriff's claims. Instead, they cite various statutory provisions which they say the Sheriff violated.

The Court finds it appropriate to stay class certification discovery pending resolution of the Sheriff's Motion to Dismiss. Plaintiffs have not presented any reason why discovery must proceed now. On the other hand, the discovery that has been requested is voluminous and if the Sheriff's Motion to Dismiss is successful, then it will not have been necessary to conduct the discovery. Further, Plaintiffs have not established that discovery is necessary to oppose the Sheriff's alternative "no duty" argument in its motion to dismiss. It appears that is a claim that involves analysis of the applicable statutes.

## Conclusion

It is clear from Plaintiffs' opposition that their focus in discovery has shifted to the discovery they say is necessary to defeat the pending motions to dismiss. But Plaintiffs have not established that discovery is needed to respond to those motions, and indeed, appear to be ready to fully oppose. Importantly, the only discovery being conducted at this time, and the only discovery that could be stayed, is class certification discovery. Plaintiffs have not argued why class certification discovery should proceed pending resolution of the motion to dismiss, other than perhaps the implication that because Plaintiffs believe they will defeat the motions to dismiss, there is no reason to delay discovery. In light of the voluminous discovery that has been sought from both the Defendants and non-parties, the Court finds it serves judicial economy to delay further discovery pending resolution of the motions to dismiss.

Accordingly, the Motions to Stay Discovery filed by Klees and the Sheriff (Rec. Docs. 316, 322) are GRANTED. Discovery is hereby stayed pending resolution of the Motions to Dismiss (Rec. Docs. 307, 308, 309).

New Orleans, Louisiana, this 19th day of July, 2018.

Janis van Meerveld
United States Magistrate Judge