UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment Based on Prescription filed by Defendants Joe McNair, McNair & McNair, LLC, and Philadelphia Insurance Company (Doc. 280). For the following reasons, the Motion is GRANTED.

## BACKGROUND

The facts and procedure of this case are set forth in this Court's Order and Reasons of December 19, 2017 and Order and Reasons of October 31, 2017 and need not be repeated here.[1] For the purposes of this Motion, it is relevant that the only remaining claims against Defendants Joe McNair, McNair & McNair, LLC, and Philadelphia Insurance Company (collectively, the "McNair

---

[1] *See* Docs. 178, 231.

Defendants") are those by Plaintiff Taylor Carlisle for professional negligence. Additionally, the following relevant facts are undisputed. Joe McNair evaluated Plaintiff for acceptance into the Drug Court program on January 29, 2013. As a part of the Drug Court program, Plaintiff was sanctioned with community service on May 20, 2013, June 17, 2013, November 7, 2013, November 15, 2013, January 27, 2014, and February 19, 2014.[2] Plaintiff was sanctioned with jail time on August 20, 2013, and July 22, 2014, also as a part of the Drug Court program.[3]

The McNair Defendants now move for partial summary judgment that Plaintiff Carlisle's negligence claims arising from the actions of the McNair Defendants taken before April 27, 2015 have prescribed. Specifically, Defendants seek judgment dismissing Plaintiff's claims based on any failure to properly evaluate Plaintiff for the Drug Court program, for any treatment that Plaintiff did or did not receive before April 27, 2015, and for any sanctions imposed on Plaintiff before April 27, 2015. Plaintiff opposes the Motion.

## **LEGAL STANDARD**

Summary judgment is appropriate if "the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations. . . , admissions, interrogatory answers, or other materials" "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

---

[2] Doc. 284-1 at 11.
[3] Doc. 248-1 at 11–12.
[4] FED. R. CIV. P. 56.
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[9] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Under Louisiana law, the prescriptive period for medical malpractice actions is one year from the time the Plaintiff discovered the act, omission, or neglect that caused his injury.[12] The period applies to "all healthcare providers

---

[6] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[9] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[12] LA. REV. STAT. § 9:5628(A).

3

. . . defined in R.S. 40:1231.1."[13] Included within the meaning of "health care provider" under Louisiana Revised Statutes 40:1231.1(10) are social workers and licensed professional counselors.[14] Plaintiffs do not dispute that McNair is a licensed professional counselor ("LPC").[15] Instead, Plaintiffs argue that McNair is not the type of LPC covered by the statute.[16] But Plaintiff's argument is meritless. Louisiana Revised Statutes 40:1231.1(10) expressly includes "licensed professional counselor[s]." McNair is an LPC.[17] Therefore, the prescriptive period for medical malpractice actions applies to Plaintiff's claims.[18]

"Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. . . . Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry."[19] "[I]n order

---

[13] *Id.* § 9:5628(C). *See also* Novak v. Lafayette City-Par. Consol. Gov't, No. CIV.A. 09-1098, 2011 WL 3489857, at *5 (W.D. La. Mar. 3, 2011) ("La. R.S. 9:5628 requires a medical malpractice action to be filed within one year and is applicable to all listed healthcare providers, whether they are 'qualified' health care providers under the MMA, La. R.S. 40.1299.41, et seq., or not."), *report and recommendation rejected in part on other grounds sub nom.* Novak v. Lafayette Par. Consol. Gov't, No. CIV.A. 09-1098, 2011 WL 3490269 (W.D. La. Aug. 9, 2011).

[14] LA. REV. STAT. § 40:1231.1(10).

[15] Doc. 284 at 1.

[16] *Id.*

[17] Doc. 280-7 at 1.

[18] It is worth noting that, although interesting, Plaintiff's argument that the Medical Malpractice Act's ("MMA") prescriptive period should not apply is largely inconsequential. If it did not apply, Louisiana's general one-year liberative prescriptive period for delictual actions would apply, and the result would be the same for the tort claims. *See* LA. CIV. CODE art. 3492. Plaintiff also makes a one-sentence argument that Plaintiff's claims arise from the contractual plea agreement between Plaintiff and the Drug Court. Yet none of Plaintiff's various complaints filed in this case allege that either the McNair Defendants were party to Plaintiff's plea agreement or that the plea agreement contained an obligation that the McNair Defendants treat Plaintiff in a certain way. Therefore Plaintiff's claims do not sound in contract. Even if they did, the MMA's prescriptive period applies to breach of contract claims, and the result would be the same. *See* LA. REV. STAT. § 9:5628(A).

[19] Campo v. Correa, 828 So. 2d 502, 510–11 (La. 2002).

4

for the prescriptive period to commence, the plaintiff must be able to state a cause of action—both a wrongful act and resultant damages."[20] "[P]rescription does not run as long as it was reasonable for the victim not to recognize that the condition may be related to the treatment."[21] Similarly, prescription does not commence until a reasonable person would be on notice that the treatment may have been negligent.[22]

Usually the party asserting prescription bears the burden of proof, but "if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed."[23] Plaintiff filed his Complaint on April 27, 2016. Plaintiff's Complaint alleges that he was evaluated for the Drug Court program on January 24, 2013.[24] Plaintiff's Complaint alleges that he received sanctions for not complying with Drug Court rules on eight occasions between January 2013 and April 2016.[25] Plaintiff now admits that eight of the sanctions he received were imposed before April 27, 2015. Plaintiff's Complaint is therefore prescribed on its face with regard to Plaintiff's initial program evaluation and the sanctions that were imposed before April 27, 2015. Accordingly, with respect to claims based on the evaluation or those sanctions, Plaintiff must "allege facts with particularity which indicate that the injury and its causal relationship to the alleged misconduct were not apparent or discoverable until within the year before the suit was filed."[26]

---

[20] Jimerson v. Majors, 211 So. 3d 651, 655 (La. App. 2 Cir. 2017).
[21] *Campo*, 828 So. 2d at 513 (quoting Griffin v. Kinberger, 507 So. 2d 821, 823 (La. 1987)).
[22] *Id.*
[23] Carter v. Haygood, 892 So. 2d 1261, 1267 (La. 2005).
[24] Doc. 117 at 27.
[25] *See* Doc. 1 at 18–19.
[26] *Campo*, 828 So. 2d at n.9.

5

The first part of a cause of action in tort is damage.[27] The harm that Plaintiff suffered was immediately apparent. Plaintiff states that "[t]he damage alleged is inter[ ]alia the loss of his liberty and the emotional, economic, and personal consequences flowing from that loss of liberty."[28] There is no question of fact that Plaintiff immediately knew that his liberty had been curtailed when he was sanctioned. That other damage was incurred later does not change the commencement of prescription.[29]

The second part of a cause of action in tort is a wrongful act.[30] Plaintiff argues that prescription did not commence to run until Plaintiff obtained his Drug Court probation record. Before then, Plaintiff argues, Plaintiff did not know, and could not have reasonably discovered, the role that the McNair Defendants played in the sanctions that he received, the professional obligations that the McNair Defendants owed Plaintiff, the allegedly illegal nature of the sanctions, or the fact that Plaintiff had the legal right to challenge the sanctions. In short, Plaintiff argues that he didn't know that the McNair Defendants committed a wrongful act. But Plaintiff's subjective knowledge or perceptive ability are irrelevant.[31] Prescription commenced when Plaintiff was aware of facts that would put a reasonable person on notice that the McNair Defendants committed wrongful acts that contributed to Plaintiff's damage.[32]

---

[27] *See Jimerson*, 211 So. 3d at 655.
[28] Doc. 284 at 11.
[29] Hogg v. Chevron USA, Inc., 45 So. 3d 991, 1001 (La. 2010) ("It is firmly established that, in cases in which a plaintiff suffers some but not all of his damages, prescription runs from the date on which he first suffers actual and appreciable damage, even though he may thereafter come to a more precise realization of the damages he has incurred or incur further damage as a result of the completed tortious act.").
[30] *See Jimerson*, 211 So. 3d at 655.
[31] *See* Krolick v. State *ex rel.* Dep't of Health & Human Res., 790 So. 2d 21, 28 (La. App. 1 Cir. 2000) ("One may not escape the commencement of prescription by attempting to establish that their ability to comprehend and evaluate the facts is inferior to that possessed by a reasonable man.").
[32] *See Campo*, 828 So. 2d at 513.

As to the facts that were available to Plaintiff at the time of the sanctions, Plaintiff offers no personal statement about his knowledge of the McNair Defendants' roles in Drug Court, only argument by counsel about what Plaintiff knew. To support his argument that the role of the McNair Defendants was not clear until the production of the "O'Brien record," Plaintiff makes only a general reference to documents filed under seal in a separate case and not attached to Plaintiff's memorandum.[33] Defendants assert that the O'Brien record doesn't even mention the McNair Defendants.[34] Regardless, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[35] Therefore Plaintiff's vague reference to the O'Brien record does not create an issue of fact. Plaintiff does attach an affidavit from Plaintiff's mother which includes the following, "My son has personally informed me that during each appearance when the sanctions were meted out for non-compliance to the individuals in drug court, . . . McNair always played a primary role – he was called to the bench routinely by the judge to consult respecting what to do in connection with each case along with other administrators."[36]

Based on the undisputed evidence submitted, there is no question of fact that the involvement of the McNair Defendants in the sanctions Plaintiff received from Drug Court was apparent enough that a reasonable person's attention would have been excited to the point of further inquiry.[37] Moreover, Plaintiff has produced no evidence that the alleged negligence of the McNair

---

[33] *See* Doc. 284 at 10.
[34] Doc. 291 at 7.
[35] Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915–16, n. 7 (5th Cir. 1992)).
[36] Doc. 284-4 at 6.
[37] *See Campo*, 828 So. 2d at 510–11.

Defendants in evaluating Plaintiff for the Drug Court program or in providing or failing to provide treatment during that period was not discoverable until after April 27, 2015. Plaintiff alleges that the sanctions imposed by Drug Court before April 27, 2015 are part of the damage that resulted from Plaintiff's initial evaluation and subsequent treatment. Therefore the constructive notice of a potential negligence claim based on the sanctions applies to Plaintiff's claims based on the initial evaluation and therapy sessions before April 27, 2015 as well. The prescriptive period for any negligence claims involving a sanction therefore commenced to run when Plaintiff received that sanction.

Accordingly, Plaintiff's claims for any sanctions imposed before April 27, 2015, for Plaintiff's initial evaluation, and for any treatment or lack thereof by the McNair Defendants before April 27, 2015 have prescribed. Such claims are dismissed with prejudice.

Furthermore, Plaintiff's request to delay ruling on this Motion in order to obtain additional discovery is denied. Federal Rule of Civil Procedure 56(d) allows a court to delay consideration of a motion for summary judgment when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[38] In order to obtain relief, "the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'"[39] Plaintiff has supported his request for delay with neither an affidavit nor a declaration.

---

[38] FED. R. CIV. P. 56(d).
[39] Am. Family Life Assur. Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013) (quoting Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010)).

Even setting that aside, Plaintiff's argument fails to identify the specific facts that Plaintiff seeks and how those facts could influence the outcome of the Motion. Plaintiff seeks to depose the counselors who conducted Plaintiff's therapy sessions to find out if they put Plaintiff on notice that any damage Plaintiff sustained was attributable to them and to discover the "type of treatment" that Plaintiff received during his entire time with the Drug Court. This Court, however, has already determined without the testimony of the therapists that Plaintiff had constructive notice of the McNair Defendants' involvement. Plaintiff does not explain what they might say that would alter that finding. Plaintiff also seeks the opportunity to submit a declaration from Plaintiff. Plaintiff reports that the Bossier Parish Jail has not allowed Plaintiff to privately converse with his counsel, preventing them from producing a declaration at this point. Plaintiff argues that such a declaration would include the fact that Plaintiff did have interactions with Defendant McNair during specified time periods. But in reaching its conclusion, the Court did not rely on any representation to the contrary. Accordingly, Plaintiff's request for delay under Rule 56(d) is denied.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion is GRANTED. Plaintiff's claims for any sanctions imposed before April 27, 2015, for Plaintiff's initial evaluation, and for any treatment or lack thereof by the McNair Defendants before April 27, 2015 are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 30th day of August, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**