# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are a Motion to Dismiss filed by Defendant Sheriff Joseph Lopinto (Doc. 307) and two Motions to Dismiss by Defendant Patricia Klees: a Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction (Doc. 308) and a Motion to Dismiss Based on Prescription (Doc. 309). For the following reasons, Defendant Lopinto's Motion is **GRANTED IN PART**, Defendant Klees's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction is **GRANTED**, and Defendant Klees's Motion to Dismiss Based on Prescription is **DENIED AS MOOT**.

## BACKGROUND

The facts and procedure of this case are set forth in this Court's Order and Reasons' of October 31, 2017, and December 19, 2017. They need not be

repeated here.¹ Defendant Lopinto now files a Motion to Dismiss arguing that Plaintiff Carlisle's claims against him are barred by *Heck v. Humphrey*.² Lopinto additionally argues that Plaintiff fails to state a claim because Defendant Lopinto lacks the power to grant a remedy.³ Plaintiff opposes the motion.⁴ Defendant Klees now files two motions to dismiss. Klees argues first that she is immune from claims against her in her official capacity under the Eleventh Amendment.⁵ Second, for the claims against Klees in her individual capacity, she argues that she is entitled to absolute immunity and, in the alternative, qualified immunity.⁶ Klees further argues that all claims against her are prescribed.⁷ Plaintiff opposes.⁸

## LAW AND ANALYSIS

I. *Heck v. Humphrey* Bars Plaintiff's Claims Against Lopinto

Sheriff Lopinto moves to dismiss Plaintiff Carlisle's claims against him. While Lopinto acknowledges that there are multiple Plaintiffs in this suit, he moves only to dismiss the claims asserted by Plaintiff Carlisle.⁹

Defendant Lopinto first moves to dismiss Plaintiff Carlisle's claims against him on the ground that they are barred by *Heck v. Humphrey*.¹⁰ This Court previously held that *Heck* applies to Plaintiff's claims for damages based

---

¹ *See* Docs. 178, 231.
² 512 U.S. 477, 486–87 (1994) (holding that damages claims do not exist under § 1983 based on an allegedly invalid incarceration except in very limited circumstances). *See also* Doc. 307-1.
³ *See* Doc. 307-1.
⁴ *See* Doc. 330.
⁵ *See* Doc. 308-1.
⁶ *See* Doc. 308-1.
⁷ *See* Doc. 309-1.
⁸ *See* Docs. 328, 329.
⁹ Doc. 307-1 at 1 ("Defendant has moved to dismiss Plaintiff Carlisle's claims against him on grounds that same are *Heck* barred and otherwise fail to state a cause of action.").
¹⁰ *See* 512 U.S. at 477.

on Plaintiff's incarceration imposed as a sanction in Drug Court.[11] Because Plaintiff's incarceration has not been invalidated in some other proceeding, Plaintiff may not maintain a § 1983 claim based on the invalidity of that incarceration.[12] The *Heck* rule also applies to claims for prospective injunctive or declaratory relief "if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' . . . or the length of the prisoner's confinement."[13] Therefore, for the same reasons set forth in this Court's previous ruling that *Heck* applies to Plaintiff's claims for damages, *Heck* also bars Plaintiff's claims for prospective relief declaring unconstitutional the Drug Court procedures under which Plaintiff was sanctioned to terms of imprisonment.

Plaintiff, however, raises several arguments in support of the proposition that *Heck* does not apply here. For example, Plaintiff argues that his claims may proceed under *Wolff v. McDonnell*.[14] *Wolff*, however, does not control this case. In *Wolff*, the Supreme Court granted the plaintiff relief under § 1983 not for an invalid incarceration but instead for the violation of procedural Due Process rights that exist in the context of prison disciplinary hearings.[15] In fact, the Court in *Wolff* specifically clarified that habeas corpus, not § 1983, is

---

[11] Doc. 178 at 19–21.
[12] Obtaining a certificate of appealability in a federal § 2254 proceeding does not mean that the imprisonment has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" because a COA is not a writ of habeas corpus. *Heck*, 512 U.S. at 487. Thus, the COA in this case does not rise to the level of invalidation necessary to overcome the *Heck* bar.
[13] Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (holding that a claim for declaratory relief that the prison disciplinary rule under which plaintiff was convicted was unconstitutional was barred by *Heck* because it would necessarily imply that plaintiff's sanction was invalid).
[14] 418 U.S. 539 (1974).
[15] *See id.* at 554–55.

3

the proper procedural vehicle for seeking relief from an invalid incarceration.[16] Here, Plaintiff seeks damages "associated with the sheriff's failure to provide credit for good time served," not for the deprivation of procedural rights in the decision to do so.[17] As such, Plaintiff seeks relief that necessarily would invalidate his underlying contempt sentence—the exact type of relief the Court in *Wolff* held is unavailable via § 1983. Thus, Plaintiff's claim is not a *Wolff* claim.

Plaintiff also raises additional yet equally unpersuasive arguments regarding *Heck*'s applicability to this case. For instance, Plaintiff argues that *Heck* does not apply to Sheriff Lopinto because he is an "independently elected official," not a "state actor."[18] Whether an official is elected has no bearing on whether the official is a state actor for purposes of § 1983. As a local law enforcement officer, a sheriff undoubtedly is a state actor for purposes of § 1983.[19] Plaintiff also argues that *Heck* does not apply because Plaintiff is no longer imprisoned, but this Court has already rejected that argument.[20]

Finally, Plaintiff argues that some of his claims against the Sheriff are for detention while awaiting a bed at a drug treatment program or otherwise for detention not pursuant to a sentence or conviction.[21] *Heck* does not bar a claim for incarceration that was not imposed pursuant to a judicial order. Similarly, *Heck* does not bar claims against the Sheriff for denying Plaintiff good time if the order imposing his incarceration did not specify that

---

[16] *See id.*
[17] Doc. 330 at 7.
[18] *See* Doc. 330 at 11.
[19] *See* Grant v. Sistrunk, 41 F.3d 663 (5th Cir. 1994) (noting it was "beyond dispute" that officials of a sheriff's department were state actors for § 1983 purposes).
[20] Doc. 178 at 21.
[21] Plaintiff also refers to a claim that the Sheriff failed to present Plaintiff to a magistrate within 72 hours of being arrested for a new charge. None of Plaintiff's amended complaints contain such a claim.

4

punishment. Therefore Plaintiff's claims for wrongful imprisonment against the sheriff remain but only to the extent that the imprisonment or refusal to consider good time was not pursuant to an order from Drug Court.

Defendant Lopinto also moves to dismiss Plaintiff's claims on the grounds that Defendant Lopinto lacks the authority to amend a sentence imposed by a judge. The claims to which this defense would apply—those for incarceration pursuant to an order of the Drug Court—are coterminous with the claims that this Court determined above are barred by *Heck*. Therefore the Court does not reach this argument.

## II. Plaintiffs Fail to State a Claim Against Klees

Defendant Klees moves to dismiss Plaintiffs' claims against her in her official capacity on the ground that they are barred by sovereign immunity under the Eleventh Amendment. This Court has previously dismissed claims against other administrators of Drug Court in their official capacities as claims against the State itself barred by sovereign immunity.[22] Plaintiffs argue that their official-capacity claims against Klees for directing the arrest and incarceration of Plaintiffs are for acts that she took in her capacity as a police officer for the City of Gretna rather than in her capacity as a Drug Court administrator.

Plaintiffs' Second Amended Complaint first mentions Klees in the section that "supplement[s] the official capacity claims."[23] There, Klees is identified as a "program official" who was "deemed under federal law to be acting as [an] official[] of the program."[24] Plaintiffs allege that "the program officials sued herein, in their official capacity, namely . . . Klees . . . compose

---

[22] *See* Docs. 136, 178.
[23] Doc. 117 at 4.
[24] Doc. 117 at 4.

5

the 'team' . . . who are operating the program."[25] Plaintiffs' Second Amending Complaint does not allege that Klees acted in her capacity as a Gretna police officer. The Second Amended Complaint contains only two references to the Gretna Police Department. In one, Plaintiffs allege that the Gretna Police Department detained Plaintiff Carlisle on August 25, 2015, and took him to the Jefferson Parish Correction Center.[26] Plaintiffs do not allege that Klees was the officer who carried that out. In the other, Plaintiffs allege that "[t]he Probation officer Theriot accepted the hearsay of Officer Klees and Mussall and Becnel and arranged an attachment to issue through Gretna Police Department and directed Officer Fortmeyer to arrest Carlisle. Carlisle was booked at Gretna PD."[27] Again, Plaintiffs do not allege that Klees was the officer of the Gretna Police Department who issued the attachment for, arrested, or booked Plaintiff Carlisle. This Court therefore finds that Plaintiffs have not stated a claim against Defendant Klees in her official capacity as an officer of the Gretna Police Department.

Because Plaintiffs' only official-capacity claims against Klees arise from her role as an administrator of Drug Court, they are actually claims against the Drug Court itself. As such, they merge with Plaintiffs' claims against other Drug Court administrators in their official capacities.[28] This Court has already dismissed Plaintiff's claims against the Drug Court.[29] For the same reasons set forth previously by this Court, Plaintiffs' claims against Defendant Klees for declaratory or injunctive relief are dismissed for lack of standing.[30]

---

[25] Doc. 117 at 9.
[26] Doc. 117 at 45.
[27] Doc. 117 at 45–46.
[28] *See* Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 485 (5th Cir. 2000).
[29] Doc. 178 at 12–18.
[30] *See* Doc. 178 at 15–18.

6

The parties dispute whether Plaintiffs have also sued Defendant Klees in her personal capacity. Plaintiffs' Second Amended Complaint does not explicitly state that it asserts a claim against Klees in her personal capacity, and in fact it does not mention Klees in any section purporting to assert any claims against anyone in their personal capacities. As described above, Klees is named as a defendant in a section of the Second Amending Complaint that purports to supplement Plaintiffs' official capacity claims. Therefore, while the Second Amended Complaint presents facts that could form the basis of Klees's personal liability, Plaintiffs fail to make a short and plain statement that they seek relief from Klees individually. "[A] § 1983 suit naming defendants only in their 'official capacity' does not involve personal liability to the individual defendant."[31] Accordingly, Plaintiffs have not asserted a claim against Klees in her personal capacity, and no claims against her remain. Even if such claims existed, however, Klees would benefit from both absolute and qualified immunity.[32]

Defendant Klees further moves to dismiss the class allegations against her pursuant to Federal Rule of Civil Procedure 23. Plaintiffs do not contest this argument. For the same reasons that this Court previously dismissed the class allegations against other Drug Court administrators, the class allegations against Defendant Klees are dismissed as well.[33]

---

[31] *Turner*, 229 F.3d at 483.
[32] This Court previously held that other administrators of Drug Court enjoy absolute judicial immunity. Doc. 110 at 15–16. Klees, also a Drug Court administrator, enjoys the same immunity for her role in any sanctions Plaintiffs received. Further, because Plaintiff Carlisle has not shown the existence of a "clearly established" right that was violated when he signed an agreement waiving his Due Process rights in Drug Court, Klees also enjoys qualified immunity under the test for qualified immunity created by the Supreme Court in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), and further explained in *Pearson v. Callahan*, 555 U.S. 223, 236 (2008).
[33] *See* Doc. 110 at 16.

7

In light of the foregoing holding, there are no remaining claims against Klees, and her Motion to Dismiss based on prescription is moot.

## CONCLUSION

For the foregoing reasons, Defendant Lopinto's Motion to Dismiss (Doc. 307) is **GRANTED IN PART**. Defendant Klees's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction is **GRANTED**, and Defendant Klees's Motion to Dismiss Based on Prescription is **DENIED AS MOOT**.

New Orleans, Louisiana this 25th day of September, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**