UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are two Motions for Reconsideration filed by Plaintiffs (Docs. 356, 381), a Motion for Reconsideration filed by Defendants Normand and Lopinto (Doc. 366), and a Motion to Strike and a Motion for Leave to File a Declaration by Defendants Joe McNair, McNair & McNair, L.L.C., and Philadelphia Indemnity Insurance Company (Docs. 360, 362).

For the following reasons, the Motions for Reconsideration are **DENIED**, the Motion to Strike is **DENIED**, and the Motion for Leave to File a Declaration is **GRANTED**.

## BACKGROUND

This lawsuit arises out of the participation by Plaintiffs Taylor Carlisle and Emile Heron in Jefferson Parish's Drug Court. Much of the background of this litigation has been reproduced in Orders and Reasons previously issued

1

by this Court. The Court will nevertheless briefly discuss the procedural history that lead up to the Motions it is considering in this Order and Reasons.

On March 20, 2018, Defendants Joe McNair, McNair & McNair, L.L.C., and Philadelphia Indemnity Insurance Company (collectively "the McNair Defendants") filed a Motion for Partial Summary Judgment.[1] On August 30, 2018, this Court granted the McNair Defendants' Motion.[2] Plaintiffs then asked this Court to reconsider its ruling.[3] Attached to Plaintiffs' Motion for Reconsideration was an Affidavit signed by Plaintiff Taylor Carlisle.[4] The McNair Defendants moved to Strike Carlisle's Affidavit from the Record.[5] The McNair Defendants also moved for Leave to File a Declaration by Neil Johnston in response to Plaintiffs' Motion for Reconsideration.[6]

On May 25, 2018, Defendant Joseph Lopinto filed a Motion to Dismiss Plaintiffs' claims against him.[7] On September 25, 2018, this Court granted in part Lopinto's Motion.[8] Both Plaintiffs' and Lopinto filed Motions for this Court to Reconsider its August 30, 2018 Order and Reasons.[9]

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[10] "Under Rule 54(b), 'the trial court is

---

[1] Doc. 280.
[2] Doc. 355.
[3] Doc. 356.
[4] *See* Doc. 356-4.
[5] *See* Doc. 360.
[6] *See* Doc. 362.
[7] *See* Doc. 307.
[8] Doc. 359.
[9] *See* Docs. 364, 381.
[10] *See* FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018) (applying the Rule 54(b) standard to a motion to reconsider an interlocutory

2

free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[11]

**LAW AND ANALYSIS**

The Court will first address Plaintiffs' Motion for Reconsideration of this Court's August 30, 2018 Order and Reasons and Defendants' related Motion to Strike and Motion for Leave to File a Declaration. Next, the Court will address the parties' Motions for Reconsideration of this Court's September 25, 2018 Order and Reasons.

I. **Motions related to this Court's August 30, 2018 Order and Reasons**

In its August 30, 2018 Order and Reasons, this Court ruled that Plaintiffs' claims against the McNair Defendants arising from conduct that occurred before April 27, 2015 had prescribed.[12] In so ruling, the Court found specifically that Plaintiff Carlisle had constructive knowledge of the facts necessary to trigger the prescriptive clock for his negligence claims against the McNair Defendants.[13] In their Motion for Reconsideration, Plaintiffs' challenge this finding by the Court, mostly re-hashing and expanding on the same arguments they already presented when this Court considered Plaintiffs' opposition to the McNair Defendants' Motion for Partial Summary Judgment.

---

order); Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (same). *See also* Int'l Corrugated & Packing Supplies, Inc. v. Lear Corp., 694 F. App'x 364, 366 (5th Cir. 2017) (holding that a district court abused its discretion in applying the Rule 59(e) standard when reviewing an interlocutory order pursuant to Rule 54(b)).

[11] *Austin*, 864 F.3d at 336 (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[12] Doc. 355.
[13] *Id.*

To the extent Plaintiffs' cite to new evidence—including Taylor Carlisle's Affidavit and his probation records—to support their Motion, the Court finds that such evidence does not change the result of its previous decision. The fact remains that Carlisle knew, before April 2015, every time he received a sanction from the Drug Court. He also knew of Joe McNair's involvement with the Drug Court because McNair appeared at Carlisle's hearings there. Carlisle had even met with McNair on at least one occasion years before he filed suit against him. Plaintiffs, therefore, have failed to produce a sufficient reason for this Court to reconsider its Order and Reasons granting partial summary judgment in favor of the McNair Defendants. Plaintiffs' Motion for Reconsideration of this Court's August 30, 2018 Order and Reasons is denied.

Because this Court is denying Plaintiffs' Motion for Reconsideration, this Court finds that Defendants will suffer no harm if Carlisle's Affidavit remains in the Record at this time. Therefore, Defendants' Motion to Strike the Carlisle Affidavit from the Record is denied without prejudice.

In a similar vein, this Court finds that Plaintiffs will suffer no harm if this Court allows the Declaration of Neil Johnston into the Record. As such, Defendants' Motion for Leave to file the Declaration into the Record is granted.

## II. Motions related to this Court's September 25, 2018 Order and Reasons

In its September 25, 2018 Order and Reasons, this Court held that the U.S. Supreme Court's decision in *Heck v. Humphrey* barred Plaintiffs' claims against Defendant Lopinto to the extent Plaintiffs sought relief for detention based on judicial incarceration orders that had not been invalidated.[14] This ruling resulted in the dismissal of most of Plaintiffs' claims against Lopinto. The Court also held, however, that *Heck* did not bar Plaintiffs' claims that the

---

[14] *See* Doc. 359. *See also* Heck v. Humphrey, 512 U.S. 477, 482 (1994).

4

Sheriff's Office detained them while they waited for a bed to open at a drug treatment facility, to the extent such detainment was not pursuant to a court order.[15] The Court held that the same result applied to Plaintiffs' claims that the Sheriff's Office denied good time credit, again to the extent that any such denial contradicted a judicial order.[16]

Lopinto now argues in his Motion for Reconsideration that the Court's ruling resulted in manifest error because Plaintiffs never pleaded the wrongful detention claims that this Court held survived Lopinto's Motion to Dismiss. This Court finds that Plaintiffs did plead such claims, at least as to Plaintiff Heron, in their First Amended Complaint.[17] Because Plaintiffs alleged they were detained beyond the scope of court orders, as this Court previously ruled, such claims are not barred by *Heck*. Therefore, Defendants' Motion for Reconsideration is denied.

Defendants in a footnote in their Motion for Reconsideration argue that this Court should "reconsider its Order and dismiss the claims against" Defendant Newell Normand.[18] This Court notes, however, that unlike Lopinto, Defendant Normand did not move to dismiss the claims against him.[19] Lopinto did note—again in a footnote—in his Motion to Dismiss that pursuant to Federal Rule of Civil Procedure 25, he was automatically substituted as the Defendant for Plaintiffs' official capacity claims against Defendant Normand when Lopinto succeeded Normand as Jefferson Parish's sheriff.[20] This Court cannot reconsider a request that was never made. To the extent Defendant

---

[15] *See* Doc. 359.
[16] *See id.*
[17] Doc. 14 at 4,6.
[18] Doc. 366 at 1, n.1.
[19] *See* Doc. 307.
[20] *See* Doc. 307-1 at 1, n.1.

5

Normand wants to be terminated from this suit, he should request the appropriate relief. The Court will consider such a request when it is made.

Finally, Plaintiffs' moved for this Court to reconsider its September 25, 2018 ruling regarding the claims against Defendant Lopinto.[21] Plaintiffs mostly recycle the same arguments they made in opposition to Lopinto's original Motion to Dismiss, except in this motion they home in on one particular issue. Plaintiffs essentially argue that judicial orders contained in minute entries are not judicial orders. This argument has no merit. A judicial order is a judicial order whether it is stated in written reasons or whether it is given orally and recorded for the Record in a minute entry. Neither this argument nor any other presented by Plaintiffs provide this Court with sufficient reason to reconsider its previous ruling. Thus, for the same reasons explained in this Court's September 25, 2018 Order and Reasons, Plaintiffs' Motion for Reconsideration is denied.

## **CONCLUSION**

In Conclusion, Plaintiffs' Motions for Reconsideration (Docs. 356, 381) and Defendants' Motion for Reconsideration (Doc. 366) are **DENIED**. Defendants' Motion to Strike Taylor Carlisle's Affidavit (Doc. 360) is **DENIED** without prejudice, and Defendants' Motion for Leave to File the Declaration of Neil Johnston (Doc. 362) is **GRANTED**.

New Orleans, Louisiana this 12th day of December, 2018.

---

[21] *See* Doc. 381.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**