UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court are Cross-Motions (Docs. 418,423) appealing a ruling by Magistrate Judge van Meerveld that ordered Defendant Joe Marino to make himself available for a discovery deposition before December 31, 2018. Also before the Court is a Motion by Defendant Marino to strike an exhibit that Plaintiffs attached to their Motion appealing Judge van Meerveld's order (Doc. 428), and accompanying Motions to Expedite (Doc. 429) the Motion to Strike and a Request for Oral Argument on the Motion to Strike (Doc. 430).

For the following reasons, the Motions appealing Judge van Meerveld's ruling are **DENIED**, and Defendant's Motion to Strike is **GRANTED**. Because this Court grants Defendant's Motion to Strike, the Motion to Expedite and Request for Oral Argument are **DENIED** as moot.

1

## BACKGROUND

This lawsuit arises out of the participation by Plaintiffs Taylor Carlisle and Emile Heron in Jefferson Parish's Drug Court. Much of the background of this litigation has been reproduced in Orders and Reasons previously issued by this Court. The Court will nevertheless briefly discuss the context in which the instant Motions arose.

On October 29, 2018, Plaintiffs filed a Motion seeking a perpetuation deposition of Defendant Joe Marino under Federal Rule of Civil Procedure 27.[1] Plaintiffs argue such a deposition is necessary because Marino has been diagnosed with Amyotrophic Lateral Sclerosis, commonly known as ALS and Lou Gehrig's Disease, a debilitating disease that may make Marino incompetent to serve as a witness during trial.

On November 28, 2018, Magistrate Judge van Meerveld granted Plaintiffs' Motion in part.[2] Judge van Meerveld ruled that Marino must appear for a deposition before December 31, 2018.[3] She also ruled that the deposition should be a discovery deposition pursuant to Rule 30, not a perpetuation deposition pursuant to Rule 27.[4] In her ruling, Judge van Meerveld informed Plaintiffs that if they believed a perpetuation deposition was necessary following the discovery deposition, and if Marino would not consent to such a deposition, they could seek relief from the court for a perpetuation deposition.[5]

On December 4, 2018, Marino appealed the ruling, arguing that the court should not allow discovery to proceed because Defendants plan to move to dismiss this action for lack of jurisdiction.[6] Plaintiffs oppose and make an

---

[1] *See* Doc. 392.
[2] *See* Doc. 417.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *See* Doc. 418.

appeal themselves, arguing that Judge van Meerveld should have granted them a Rule 27 perpetuation deposition. In their Motion appealing Judge van Meerveld's ruling, Plaintiffs attached as an exhibit screenshots of web pages containing information about ALS.[7] Marino moved to strike the exhibit from the Record as inadmissible hearsay.[8]

This Court heard oral argument on the appeals on December 12, 2018.

## **LEGAL STANDARD**

A district judge may refer any non-dispositive pretrial matter to a United States Magistrate Judge.[9] District judges must consider timely objections to rulings by magistrates on such matters, and they must "modify or set aside any part of the order that is clearly erroneous or contrary to law."[10] "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole."[11]

## **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[12] Rule 30 provides that parties may conduct discovery by deposition.[13] Rule 27 provides that under limited circumstances parties also may conduct depositions to

---

[7] *See* Doc. 423-3.
[8] *See* Doc. 428-1.
[9] 28 U.S.C. § 636(b)(1)(A). *See* Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).
[10] *See* FED. R. CIV. P. 72(a).
[11] Moore v. Ford Motor Co., 755 F.3d 802, 808 n.11 (5th Cir. 2014) (quoting St. Aubin v. Quarterman, 470 F.3d 1096, 1101 (5th Cir. 2006)).
[12] FED. R. CIV. P. 26(b)(1).
[13] FED. R. CIV. P. 30.

3

perpetuate the testimony of certain witnesses who may be unavailable for trial.[14]

Plaintiffs in this case seek to depose Defendant Joe Marino, who represented Plaintiffs in Drug Court in Jefferson Parish. Plaintiffs allege that Marino committed professional malpractice in his capacity as their attorney in Drug Court. The parties do not dispute that Marino has knowledge of discoverable information relevant to Plaintiffs' claims. The parties also do not dispute that Marino suffers from ALS.

This lawsuit was filed more than two and a half years ago. Although many of Plaintiffs' initial claims have been dismissed, state law claims against Marino remain. Federal claims against Defendant Sheriff Joe Lopinto also remain. Marino argues that Judge van Meerveld was clearly erroneous when she ordered his deposition to be taken. This Court disagrees.

Because claims remain pending against Marino, and at this time this Court possesses jurisdiction over this lawsuit, this Court finds that Judge van Meerveld was not clearly erroneous when she ordered a discovery deposition of Marino to be taken before December 31, 2018. The timeliness of the deposition is particularly important considering Marino's ALS diagnosis.

This Court also finds that Judge van Meerveld was not clearly erroneous when she denied Plaintiffs' request for a Rule 27 perpetuation deposition. Plaintiffs asked Judge van Meerveld to order Marino to submit to a deposition. She granted Plaintiffs' request. They are entitled to a Rule 30 deposition of Marino because they have shown he likely possesses knowledge of information relevant to their claims against him.

When asked how they were harmed by Judge van Meerveld's ruling, Plaintiffs' expressed concern that the scope of their questioning would be more

---

[14] FED. R. CIV. P. 27.

limited in a Rule 30 deposition than in a Rule 27 perpetuation deposition. They argued that a Rule 27 deposition would allow them to question Marino about information relevant to claims against previously named defendants that this Court dismissed but that are pending on appeal, whereas a Rule 30 deposition would not.

Judge van Meerveld's ruling left open the possibility that Plaintiffs' could seek a perpetuation deposition—or some type of additional deposition—of Marino if necessary after Plaintiffs' conduct their initial discovery deposition. In other words, the ruling expressly noted that if Plaintiffs determine during their discovery deposition of Marino that they need to perpetuate his testimony for any reason, they can seek such relief from the Court. If the parties cannot agree on the scope of questioning Marino may face in his discovery deposition, they can seek relief from Judge van Meerveld.

Finally, this Court finds that the web pages containing information about ALS that are attached to Plaintiffs' Motion appealing Judge van Meerveld's ruling are unreliable and unhelpful. They are unreliable because the documents are unauthenticated screen shots of Internet web pages. They are unhelpful because it is undisputed that ALS is a progressive degenerative disease. Therefore, Defendants' Motion to Strike Record Document 423-3 is granted.

## **CONCLUSION**

In conclusion, the parties' Cross-Motions appealing Magistrate Judge van Meerveld's ruling that ordered Defendant Marino to submit to a deposition are **DENIED**, and Defendant Marino's Motion to Strike is **GRANTED**. Defendant's Motion to Expedite the Motion to Strike and Request for Oral Argument on the Motion to Strike are **DENIED** as moot.

New Orleans, Louisiana this 13th day of December, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**