UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TAYLOR CARLISLE, ET AL. | * | CIVIL ACTION NO. 16-3767 |
| --- | --- | --- |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| NEWELL NORMAND, ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion for Relief Respecting Objections and Deposition of Mr. Marino. (Rec. Doc. 457). For the following reasons, the Motion is GRANTED in part and DENIED in part.

Background

Plaintiffs Taylor Carlisle and Emile Heron were convicted of possession of various controlled substances and, as a part of their sentences, enrolled in the Drug Court Program of the 24th Judicial District Court ("Drug Court Program"). They filed this lawsuit on April 27, 2016, challenging the manner in which the Drug Court Program is conducted. After several rulings by the District Court, the remaining claims in this lawsuit are plaintiffs' putative class action claims against Joseph Lopinto,[1] in his capacity as Sheriff of Jefferson Parish (the "Sheriff"), challenging the imposition of jail time for alleged probation violations by Drug Court Program participants to the extent that imprisonment or refusal to consider good time by the Sheriff was not pursuant to an order from the Drug Court; plaintiffs' state law claim for legal malpractice pending against

---

[1] Plaintiffs' Complaint names Newell Normand, who was the Jefferson Parish Sheriff at the time suit was filed. Pursuant to Federal Rule of Civil Procedure 25(d), an officer's successor is automatically substituted as a party.

1

Joseph Marino; and plaintiff Carlisle's therapist malpractice claim against Joe McNair and McNair & McNair, LLC, for actions taken after April 27, 2015.

Pertinent to the present motion, plaintiffs' malpractice claims against Marino consist of the following allegations. Marino began acting as counsel for Carlisle in connection with the Drug Court program on August 20, 2013, at the latest. Carlisle complains that Marino failed to object or take appropriate measures to defend Carlisle (including requesting appellate review) when Carlisle was sanctioned on April 28, 2015 to 90 days jail time for curfew violations and associating with a felon and on August 25, 2015 to six months jail time for a suspected "curfew violation" and "bad paperwork." He points out that the sanctions imposed on April 28, 2015, were issued in a closed courtroom without the benefit of a court reporter. He says that Marino failed to adduce evidence in mitigation of the sanctions, despite the sanctions being "in obvious violation of Louisiana law." He says that Marino failed to object to the imposition of "flat time," which plaintiffs insist was imposed without lawful authority and in violation of state law. Heron alleges that when he was sanctioned to 30 days flat time on November 12, 2013 for associating with a convicted felon, he was not given a hearing or an opportunity to defend himself. Heron alleges that Marino did not object or advise him to his right to hearing and defense.

Although plaintiffs' federal claims against Marino alleging that he was acting as part of the Drug Court "team" have been dismissed, these allegations may also bear on the matter before the Court at this time. Plaintiffs allege that Marino, together with the administrators of the Drug Court, recommended that Carlisle should receive 90 days jail time for associating with a felon on April 28, 2015; that Carlisle should be sent to live in the Oxford house in July 2015; and that Carlisle be given six months jail time for a suspected "curfew violation" and "bad paperwork" on August 18,

2015. They say that Marino knew that the purported "felon" that Carlisle associated with was not actually a convicted felon because she had been acquitted under the drug court statute.

Unable to obtain an agreement to depose defendant at all, Plaintiffs first filed a motion to compel the perpetuation deposition of Marino on October 12, 2018. The court denied the motion as premature and ordered the parties to meet and confer to attempt to resolve the dispute. After those efforts were unsuccessful, the motion was re-filed on October 29, 2018. Among other reasons, Marino opposed the deposition arguing that the court's jurisdiction over plaintiffs' claims against him was uncertain because, he argues, the plaintiffs were incarcerated pursuant to court orders and are therefore not even members of the class they purport to represent. If Plaintiffs § 1983 claim against the Sheriff falls, Marino insists that this court should not exercise supplemental jurisdiction over the state law against him. Oral argument was held on November 28, 2018, and the undersigned ordered Marino to appear for a discovery deposition, but not a perpetuation deposition, before December 31, 2018. Marino sought review of that order, and on December 13, 2018, the district court denied the appeal.

On December 18, 2018, Marino filed a motion for protective order seeking to limit the scope of questioning at this deposition, which was scheduled to begin on December 20, 2018. The undersigned held a telephone conference with the parties on December 19, 2018, and denied the motion for protective order. The deposition proceeded on December 20, 2018, for about five hours and twenty minutes of questioning, and was set to continue on January 9, 2019.

On January 7, 2019, plaintiffs filed a motion for a status conference, arguing that Marino's counsel's objections during the December 20, 2018, deposition had interfered with plaintiffs' questioning and requesting the undersigned's assistance in ensuring that the remaining deposition

time was not burdened in the same manner. A telephone conference was held on January 8, 2019, and the parties decided to delay the deposition so that further briefing on the matter could be had.

Plaintiffs have now filed the present motion seeking an order that Marino pay for the cost of the December 20, 2018, transcript and video because they say Marino's objections render them practically useless. They also request an order allowing them to retake the Marino deposition for the same reason.

Marino argues that his counsel's objections do not warrant the imposition of sanctions. He submits that, with the exception of one privilege objection, all objections were to the form of the question and that after every objection to form, the question was answered. He points out that none of the objections were "speaking objections."

Law and Analysis

1. *Sanctions under Rule 30(d)*

Federal Rule of Civil Procedure 30 governs discovery depositions like the one at issue here. Rule 30(c)(1) instructs that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30.

> As officers of the court, counsel are expected to conduct themselves in a professional manner during a deposition. A deposition is intended to permit discovery of information in the possession of the deponent or perpetuate the testimony of the deponent. In either case, it is to be conducted in a manner that simulates the dignified and serious atmosphere of the courtroom. Thus, the witness is placed under oath and a court reporter is present. Conduct that is not permissible in the courtroom during the questioning of a witness is ordinarily not permissible at a deposition ... A deposition is not to be used as a device to intimidate a witness or opposing counsel so as to make that person fear the trial as an experience that will be equally unpleasant, thereby motivating him to either dismiss or settle the complaint.

Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C., No. CIV.A. 10-4151, 2013 WL 1412197, at *3 (E.D. La. Apr. 8, 2013) (quoting Ethicon Endo-Surgery v. U.S. Surgical Corp., 160 F.R.D. 98, 99 (S.D. Ohio 1995)). The Rules authorize the court to "impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. Proc. 30(d)(2).[2] The advisory committee comments to the Rules explain that "[i]n general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer," and the comments note that "[t]he making of an excessive number of unnecessary objections may itself constitute sanctionable conduct." Id. advisory committee comments to 1993 Amendment.

For example, Marino cites Grain Dealers Mut. Ins. Co. v. Cooley, where the magistrate judge denied the motion for sanctions under Rule 30(d)(2) after finding that although there were a number of unnecessary objections, many were arguably meritorious, and finding that defendants were able to complete the deposition and obtain sufficiently responsive answers to their questions. No. 2:16-CV-39-KS-MTP, 2017 WL 449631, at *2 (S.D. Miss. Feb. 2, 2017), aff'd, 734 F. App'x 223 (5th Cir. 2018). On appeal, the appellants argued that there had been 118 objections in 206 pages of transcript and that they became "so disruptive that the questioner had to admonish the deponent to pay attention to the questioner instead of looking at the deponent's counsel after every question." Grain Dealers Mut. Ins. Co. v. Cooley, No. 17-60307, Br. of Appellant, 2017 WL 2877058, at *12 (5th Cir. June 27, 2017). Reviewing the decision for abuse of discretion, the

---

[2] Plaintiffs also cite Rule 83(b) and Rule 37 as basis for relief. Under Rule 83(b), the court may regulate practice in any matter consistent with federal law, including by issuance of sanctions after notice to the alleged violator. Marino submits this rule is inapplicable because no court requirement has been violated. Rule 37 provides for an award of reasonable expenses to the successful party on a discovery motion. Marino argues such a sanction is not appropriate because there is no evidence of bad faith, vexatious, wanton, or oppressive conduct. Finding Rule 30 provides the appropriate framework for addressing the plaintiffs' complaint here, the court does not address these arguments.

5

United States Court of Appeals for the Fifth Circuit found none and affirmed the magistrate's decision denying sanctions. Grain Dealers Mut. Ins. Co. v. Cooley, 734 F. App'x 223, 227 (5th Cir. 2018).

In contrast, in Bordelon Marine, Inc. v. F/V KENNY BOY, the court awarded sanctions where the attorney objected on 170 pages of a 360-page deposition transcript, and where many of the resulting disputes continued for multiple pages of transcript. No. 09-6221, 2011 WL 164636, at *6 (E.D. La. Jan. 19, 2011). The court found that a majority of the objections raised lacked a valid basis, including improperly instructing the witness not to answer. Id. Additionally, at one point, the attorney stormed out of the room and thereby placed further questioning on hold. Id. The court found the attorney's objections impeded and frustrated the fair examination of the two deponents and ordered counsel personally pay $1,500 as a sanction to the deposing party. Id.

2. *Marino Deposition*

Plaintiffs here complain that because Marino's counsel's objections interrupted the question and response, it was sometimes necessary to have the question re-read. Plaintiffs complain that due to the objections, it became very difficult to obtain a yes or no answer. Plaintiffs argue that as a result of the objections, the witness became argumentative. Plaintiffs submit that some of the objections improperly contained argument. They cite as an example an exchange regarding plaintiffs' attempt to question the witness about a Drug Court record of another Drug Court participant and client of Marino, which Marino's counsel argued was privileged. Plaintiffs divide the offending objections into six categories: "interruptions by counsel leading to re-reads," "failure to provide yes or no answer," "argumentative witness," "objections with argument," "objections to legal conclusions," and "objections to long questions." They report that Marino's counsel made over 300 objections in 300 pages of transcribed testimony, with another 30 or so

coming from co-defendants, "interfering constantly with plaintiff's counsel and the court reporter's ability to hear the witness, causing plaintiffs' counsel difficulty in retaining her train of thought, requiring frequent re-reading of the question by the court reporter, and causing general disruption and difficulty in following the witness. It also made it difficult for the witness to follow the questions, plaintiffs argue, "a difficulty he did not appear to have until the objections began" (around page 55, once questioning on substantive issues began). "All of this made for a very difficult deposition until the very conclusion of the day, and a worse transcript."

Plaintiffs note that their counsel offered to have the court reporter mark a continuing objection to each and every question to allow for a smoother deposition, but Marino's counsel refused. Plaintiffs also complain that Marino's counsel would not allow questioning regarding the Drug Court records for other Drug Court participants (and clients of Marino) that plaintiffs have obtained with the other participants' consent, questioning that the Court specifically authorized prior to the deposition. (Rec. Doc. 447). They submit that although Marino began the deposition as a cooperative witness, he became evasive and failed to provide yes or no answers as a result of his counsel's objections. They complain that the court reporter expressed difficulty in transcribing the transcript and had to spend many hours reviewing the video to prepare the final transcript. Further, they report that the videographer advised that it would be impossible to edit out the objections once they are decided because Marino's counsel spoke over plaintiffs' counsel and the witness. They say that the cost of the deposition transcript was $2,060.85 and the cost of the videographer was $1,245.

Plaintiffs also complain that Marino's counsel frequently and improperly objected to questions as calling for a legal conclusion. They argue that because they are asserting claims of legal malpractice concerning Marino's representation of them, they are entitled to know what he

7

knew of the relevant statutes, and how he interpreted them during the course of his representation. Plaintiffs also complain that Marino's counsel unfairly objected to questions as "long." They explain that the only part of these questions that were long was the quote from the statutory provision about which they sought to question Marino.

Marino argues that his counsel's objections do not warrant the imposition of sanctions. Marino stands by his objections, arguing that some of them are appropriate objections to compound questions and others properly object to plaintiffs' attempt to obtain a legal conclusion from the witness. He disagrees with the count of 330 objections, noting that this number appears to include objections of other counsel. He submits that with the exception of one privilege objection, all objections were to the form of the question and that after every objection to form, the question was answered. He points out that none of the objections were "speaking objections." Marino underscores that after each objection, he still answered the question. At oral argument, Marino's counsel insisted that the deposition proceeded just like any other deposition without an extraordinary number of objections. He argued that the transcript and video are usable and that Marino should not be put through another full day of deposition.

The court has reviewed the transcript of the deposition and strongly disagrees with Marino's analysis. The objections were frequent, often unfounded, and were highly disruptive. In 322 pages of deposition transcript, Marino's counsel raised a form objection approximately 280 times. Other defense counsel piled on with an additional 30+ objections to the form. These objections were often unnecessary and no doubt significantly prolonged the deposition. Counsel spoke over one another, plaintiff's counsel was sometimes double teamed with objections by each of Marino's two attorneys, and questions had to be re-read on numerous occasions. One 10-page discussion related to an objection about an issue on which the court had already ruled.

The Court finds it particularly troubling that during the deposition Plaintiffs' counsel advised that the objections were interfering with the deposition and offered to enter a standing objection to avoid the interruptions. This was a practical solution that would have also inured to Marino's benefit; he could have challenged each and every question and answer later. Furthermore, Marino is a lawyer who had already shown in the deposition that he was more than capable of seeking clarification or asking that the question be repeated when needed, and following the questioning appropriately. Yet Marino's counsel declined. At oral argument, Marino's counsel could offer no reason why such a standing objection would not have protected his client, explaining merely that it is a matter of his practice not to agree to such standing objections. Plaintiff's counsel opined at oral argument that given the extreme efforts by defense counsel both before and after the deposition to avoid and/or limit the deposition, she believed the excessive objecting was a "litigation tactic." It is hard to disagree.

As a general matter, deposition questions seeking legal conclusions are inappropriate. Firefighters' Ret. Sys. v. Citco Grp. Ltd., No. CV 13-373-SDD-EWD, 2018 WL 2158769, at *5 (M.D. La. May 10, 2018), aff'd, No. CV 13-373-SDD-EWD, 2018 WL 5993471 (M.D. La. Nov. 14, 2018); see United States v. El-Mezain, 664 F.3d 467, 511 (5th Cir. 2011), as revised (Dec. 27, 2011) ("It is also generally prohibited for a lay witness to interpret statutes and to give legal opinions."). But here, counsel's objections to questions purportedly seeking legal conclusions went too far. The deponent is a lawyer and the cause of action against him is a claim for legal malpractice. Some questioning regarding Marino's understanding of the law is relevant to Carlisle's claim. Further, it is clear from the transcript that Marino was more than up to the task of understanding the questions, seeking clarification when necessary, and then answering the

question. Many of the objections to questions as vague, compound, or long, were therefore unnecessary.

Nonetheless, the court takes note that while it may have been a needlessly grueling day, it seems that the deposition was productive. Marino was largely cooperative, tried to answer the questions, and indeed did answer most of the questions. Marino's counsel did not raise abusive speaking objections or improperly instruct Marino not to answer questions. Counsel for plaintiffs agreed at oral argument that the deposition was productive, but noted that she was unable to get to all of her questions as a result of the disruption.

The court finds that the appropriate remedy in this case is that Marino's deposition, which is already scheduled to be continued for the remaining one hour and forty minutes, shall be taken for a total of up to three and a half additional hours.[3] Any time spent on objections or in argument or other discussions between counsel is to be added to this total. For purposes of obtaining an unimpeded answer, Plaintiffs' counsel may ask questions that have been asked before. Further, if plaintiffs wish to agree to the entry of a standing objection to form, Marino and other participating defendants are required to accept it.

Additionally, Marino's counsel shall pay plaintiffs one-half the cost of the original transcript because the excessive and relentless objections unnecessarily extended the original deposition and necessitated a second deposition, the cost of which will be borne by plaintiffs. The result was that the fair examination of the deponent was unmistakably impeded, delayed and

---

[3] For avoidance of doubt, the court underscores that the additional time is to be considered part of the original court ordered deposition. After business hours on the date before oral argument on the present motion, Marino filed a motion to stay discovery on the grounds that the issue of the court's supplemental jurisdiction remains unresolved. The undersigned rejected a similar argument in compelling Marino's deposition in November 2018. At oral argument on the present motion, Marino's counsel noted that the motion to stay was not intended to stay the deposition of Marino which was already ordered by the court and, because it was not finished in December 2018, subject to continuation. The court agrees. The Marino deposition ordered here shall proceed regardless of how the motion to stay discovery is resolved.

frustrated, meriting sanctions under Rule 30 (d)(2). In Grain Dealers, supra, plaintiff's counsel objected to form 118 times in 206 transcript pages. In Bordelon Marine, supra, the attorney objected on 170 pages of a 360-page transcript. While the objections were definitely more argumentative and vexatious in Bordelon Marine, on quantity alone, Marino's counsel makes the objecting lawyers in both Grain Dealers and Bordelon Marine look like amateurs, with 280 objections to the form in just over 300 pages. Including objections by all defense counsel, an objection to the form was lodged an average of one time per page. The court cannot believe that this conduct was standard for defense counsel, as he asserted at oral argument. It was extraordinary and unacceptable. Certainly, Marino's counsel did not behave as they would have in front of a judicial officer, continuously interrupting with objections and derailing the flow of the deposition. As a sanction for this, and the delay and disruption it caused, the cost of one half of the deposition transcript at issue, $1030.43, shall be borne by Marino's counsel.

However, Marino and his counsel will not be required to pay for the video of the first or second deposition. The court-ordered deposition was to be a discovery, and not a perpetuation, deposition. While plaintiffs may have decided to videotape the deposition as a precaution if Marino later becomes unavailable to testify at trial, there was no requirement that the deposition be videotaped. Accordingly, although the video may not be usable, Marino will not be required to share in its cost.

Conclusion

For the foregoing reasons, the Motion for Relief Respecting Objections and Deposition of Mr. Marino (Rec. Doc. 457) is granted in part and denied in part. The deposition of Marino shall proceed for a total of up to 3.5 hours on the terms laid out in this order and reasons. In addition,

the cost of one half of the deposition transcript at issue, $1030.43, shall be borne by Marino's counsel.

New Orleans, Louisiana, this 4th day of February, 2019.

                                        Janis van Meerveld
                               United States Magistrate Judge