UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAYLOR CARLISLE, ET AL. | * | CIVIL ACTION NO. 16-3767 |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| NEWELL NORMAND, ET AL. | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

## ORDER AND REASONS

On February 4, 2019, the undersigned ordered plaintiff Taylor Carlisle to produce 393 pages of his own records from the Drug Court Program of the 24th Judicial District Court, which his mother had obtained from Mike O'Brien on March 10, 2016 (the "O'Brien Record"). (Rec. Doc. 481). Finding that plaintiffs' failure to produce the O'Brien Record was not substantially justified, the undersigned also ordered plaintiffs to pay $500 in reasonable attorneys' fees to defendants Joe McNair and McNair & McNair, LLC (the "McNair Defendants"). The deadline for plaintiffs to produce the O'Brien Record was February 11, 2019. Instead of producing the record to the McNair Defendants on that date, plaintiffs filed a motion to deposit the O'Brien Record with the undersigned; to stay the order requiring production of the O'Brien Record pending a forthcoming appeal of the court's February 4, 2019, ruling; and for a decision by the undersigned as to whether the O'Brien Record should be delivered to the McNair Defendants pending their appeal and how the O'Brien Record should be handled in light of its sensitive nature. (Rec. Doc. 486).

Plaintiffs report that they "are filing a timely objection to the ruling, based on the issuance of attorneys fees sanctions believed to be clearly erroneous." They say they are seeking to deposit the sealed record with the court to avoid further sanctions pending their filing of an objection. Yet,

the court finds that plaintiffs have presented no reason why the O'Brien Record cannot be produced pending the resolution of plaintiffs' objection to the issuance of sanctions.

Plaintiffs make a cursory reference to 24 C.F.R. 2.64 and suggest that the O'Brien Record must be protected as a result of this regulation. While the court has found that this regulation imposes certain requirements before the Drug Court can be compelled to produce Drug Court records (Rec. Doc. 395), there is no indication that this regulation would limit the ability of a Drug Court participant like Carlisle to disclose his own records.

To the extent that Carlisle argues that the O'Brien Record must be protected from disclosure because that same record was ordered to be sealed after it was filed by him into the record of his habeas corpus proceeding, he is similarly misguided. As the undersigned has already explained (See Rec. Doc. 481), the order sealing the O'Brien Record shielded the record from public disclosure because it contained unredacted personal, financial, and medical information. That order did not limit Carlisle's ability to use or disclose his own records.

Nonetheless, the court appreciates Carlisle's concern that the personal information contained in the O'Brien Record is sensitive and may be entitled to be protected from wide disclosure. Although they failed to raise the issue in responding to the motion to compel that prompted the February 4, 2019, ruling, plaintiffs now point out that there is no protective order limiting disclosure of confidential information in this case. The solution to this problem is at hand, because plaintiffs represent that the McNair Defendants have already agreed that the O'Brien Record can be produced subject to a protective order limiting its disclosure.

Accordingly, and for the foregoing reasons,

IT IS ORDERED that the Motion to Stay or Deposit Sealed Record with Magistrate (Rec. Doc. 486) is GRANTED in part and DENIED in part; within 24 hours, plaintiffs shall produce to

the McNair Defendants the O'Brien Record, subject to the following requirements governing its disclosure and use:

1. The O'Brien Record shall not be used by the parties for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

2. The Defendants shall not disclose the O'Brien Record to any person except: (1) Counsel for the parties and employees of counsel who have responsibility for the action; (2) individual parties and officers, directors, employees, agents, or representatives of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; (3) the Court and its personnel; (4) court reporters and recorders engaged for depositions and/or hearings; (5) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (6) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have certified in writing their agreement to be bound by this order; (7) during their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of any portion of the O'Brien Record, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and (8) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed upon or ordered.

3. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of the O'Brien Record. Counsel shall maintain the originals of the certifications

signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

4. This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file all or any portion of the O'Brien Record in connection with a motion, brief, or other submission to the Court must comply with Local Rule 5.6.

5. Nothing in this Order or any action or agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.

6. If one of the defendants is served with a subpoena or an order issued in other litigation or regulatory or criminal investigation that would compel disclosure of all or part of the O'Brien Record, the defendant must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

7. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the plaintiffs may make demand upon the defendants for return or destruction of the O'Brien Record and any copies thereof. Where the demand for return or destruction is timely made, the subject documents shall be returned to the plaintiffs unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party (*i.e.*, attorney work product), that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) to the extent retention is required by other

laws, rules or regulations, including those of the Louisiana State Bar Association and Louisiana Supreme Court.

IT IS FURTHER ORDERED that the Motion to Expedite (Rec. Doc. 488) is DENIED as moot.

New Orleans, Louisiana, this 13th day of February, 2019.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge