UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAYLOR CARLISLE, ET AL. | * | CIVIL ACTION NO. 16-3767 |
| | * | |
| | * | SECTION: "H"(1) |
| VERSUS | * | |
| | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| NEWELL NORMAND, ET AL. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

## ORDER AND REASONS

Before the Court is the Motion to Stay Discovery filed on behalf of Joseph A. Marino, Jr. (Rec. Doc. 475). For the following reasons, the Motion is GRANTED in part and DENIED in part.

Plaintiffs' claim against Marino consists of a claim for legal malpractice arising out of his representation of plaintiffs during their participation in the Drug Court Program of the 24th Judicial District Court. In the present motion, Marino argues that discovery should be stayed pending the district court's ruling on the Motion for Summary Judgment filed by his co-defendant, Jefferson Parish Sheriff Newell Normand (the "Sheriff"). In that motion the Sheriff argues the plaintiffs lack standing to pursue their claims against him. Marino argues that if the Sheriff's motion is successful and all federal claims are dismissed, then the state law claims against him should also be dismissed. He says he will file a motion to dismiss for lack of jurisdiction and argue that the court should decline to assert supplemental jurisdiction over the state law claims. Presumably he will not do so until the resolution of the motion for summary judgment. He submits that the parties should agree to a scheduling order after the resolution of the standing and jurisdictional issues. Marino also points out that the dismissals of certain defendants are on appeal to the Fifth Circuit, and he anticipates that if the Sheriff is dismissed, that dismissal will also be appealed. Indeed, a recent

1

issue has arisen with regard to the dismissed parties who are defending appeals of the judgments in their favor, but who have expressed concern that they might be required to participate in depositions now to avoid being precluded from doing so later if the appeals are successful.

Plaintiffs oppose, arguing that the district court has already ruled that the court has supplemental jurisdiction over Marino's claim and urging that dismissal of the Sheriff's claim is unlikely to change that decision. Plaintiffs submit that their claims against Marino cannot fairly be tried in the 24th Judicial District, and they note that dismissal of Marino's claim on jurisdictional grounds might create prescription barriers to the pursuit of their claims in state court. They argue that these factors will weigh in favor of the district court retaining jurisdiction. They also argue that they will need discovery on the claims they sought to raise in their Fourth Amended Complaint, which are not subject to the Sheriff's motion for summary judgment. But the motion for leave to file the Fourth Amended Complaint has since been denied.

The court notes that no other defendant has joined Marino's motion. At a discovery status conference held on March 21, 2019, counsel for defendants Joseph McNair and McNair & McNair LLC (the "McNair Defendants") represented that the McNair Defendants wish to proceed with discovery at this time. They had noticed the deposition of Carlisle and have agreed to proceed with the deposition of McNair. McNair is also in the process of responding to discovery served by Carlisle. At that same status conference, counsel for the plaintiffs explained that plaintiffs are awaiting returns on subpoenas issued to the Sheriff and the Department of Corrections, which they say they need to oppose the Sheriff's motion. Plaintiffs noted that they also hoped to depose the Sheriff but would not need to do so to oppose the motion for summary judgment.

In some cases, courts find it appropriate to stay discovery pending a dispositive motion. See Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and

inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); Your Preferred Printer, LLC v. United Wholesale, LLC, No. CIV.A. 11-2954-SSV, 2012 WL 2190853, at *2 (E.D. La. June 14, 2012) (granting a motion to stay discovery filed by a defendant who had a pending motion to dismiss).

Here, the court finds a partial stay of discovery is appropriate. If the Sheriff's motion for summary judgment is granted, it will result in dismissal of the Sheriff and it will put the issue of supplemental jurisdiction over Marino's claims into play. Except as discussed below, no urgent reason to conduct discovery now has been raised and the court finds it in the interest of judicial economy to stay discovery. Additionally, the concerns that have been raised by the dismissed defendants as to whether they must participate in depositions pending their appeals are an additional factor weighing in favor of a stay of discovery. However, discovery discussed during the status conference as necessary for plaintiffs to respond to the Sheriff's motion for summary judgment and discovery between the McNair Defendants and Carlisle shall be allowed to proceed. Accordingly,

IT IS ORDERED that discovery is stayed pending the district court's resolution of the Sheriff's motion for summary judgment, the resolution of Marino's motion regarding jurisdiction (if such motion is filed), and the resolution of the Fifth Circuit appeals; provided that the following discovery shall proceed: 1) subpoenas and written discovery issued to the Sheriff and the Department of Corrections by the plaintiffs, 2) the deposition of Carlisle, which shall be limited to a total of 7 hours as provided by the Federal Rules of Civil Procedure, 3) the deposition of McNair, and 4) written discovery between Carlisle and the McNair Defendants. The dismissed parties shall not be required to participate in the aforementioned depositions and shall retain their right to

request additional time to depose those witnesses if the appeals are successful and the claims against the dismissed parties are revived.

New Orleans, Louisiana, this 22nd day of March, 2019.

                                                                Janis van Meerveld
                                          United States Magistrate Judge