UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Appeal of the Magistrate Judge's February 4, 2019 Order and Reasons granting a Motion to Compel filed by Defendants Joe McNair and McNair & McNair, LLC (Doc. 500). For the following reasons, the Magistrate Judge's Order and Reasons is **AFFIRMED**.

## BACKGROUND

This lawsuit arises out of the participation by Plaintiffs Taylor Carlisle and Emile Heron in Jefferson Parish's Drug Court. The background of this litigation has been detailed in Orders and Reasons previously issued by this Court.[1] The Court will nevertheless discuss the context in which the instant Motion arose.

Among the Defendants in this lawsuit are Joe McNair and McNair & McNair, LLC (the "McNair Defendants"). Joe McNair is a licensed professional counselor, and McNair & McNair, LLC is his counseling firm. McNair evaluated Plaintiff Taylor Carlisle in 2013 as part of Carlisle's acceptance into the Drug Court program. After Carlisle received a number of sanctions from

---

[1] *See* Docs. 110, 178, 231, 296, 355 and 359.

1

the Drug Court, he filed the instant lawsuit. In it, he accuses the McNair Defendants of therapist malpractice under Louisiana law.

In discovery, the McNair Defendants sought from Plaintiff Carlisle "any and all documents obtained or received by [Carlisle] from the Jefferson Parish Drug Court."[2] Carlisle produced nearly 300 pages in response to the request.[3] What he did not produce was what the parties now refer to as "the O'Brien record," a set of nearly 400 pages of Carlisle's Drug Court records that Carlisle's mother received from Mike O'Brien, a Drug Court administrator.[4] Carlisle did, however, refer to the O'Brien record in opposing a previous motion filed by the McNair Defendants.

In December 2018, the McNair Defendants' counsel requested a copy of the O'Brien record from Carlisle's counsel pursuant to the McNair Defendants' earlier production request. It soon became clear through subsequent communications that Carlisle thought he did not have to produce the O'Brien record. The McNair Defendants then filed a Motion to Compel the production of the O'Brien record.[5] Plaintiffs opposed the Motion, which was referred to the Magistrate Judge.

On February 4, 2019, the Magistrate Judge granted the McNair Defendants' Motion to Compel.[6] The Magistrate Judge noted that "[t]he basis for Carlisle's objection to producing the O'Brien Record . . . is unclear."[7] Nevertheless, the Magistrate Judge then considered the various arguments raised by Carlisle in his opposition to the Motion to Compel.[8] Ultimately, the

---

[2] Doc. 481 at 2.
[3] *Id.*
[4] *Id.*
[5] *See* Doc. 455.
[6] Doc. 481.
[7] *Id.* at 3.
[8] *See* Doc. 465 (the opposition).

2

Magistrate Judge ruled that the O'Brien record was relevant to Carlisle's pending claims against the McNair Defendants, proportional to the needs of the case, and within the McNair Defendants' production request.[9] Because Carlisle failed to identify any legal authority justifying his withholding of the O'Brien record, the Magistrate Judge ordered Carlisle to pay the McNair Defendants reasonable attorneys' fees in filing and pursuing the Motion to Compel. The Court found that $500 was a reasonable amount "for approximately 2 hours of time" that the McNair Defendants' counsel spent filing the Motion to Compel.[10]

On February 15, 2019, Plaintiffs timely appealed the Magistrate Judge's ruling ordering Carlisle to produce the O'Brien record within seven days and pay $500 worth of attorneys' fees to the McNair Defendants' counsel. In their Motion, Plaintiffs argue that the Magistrate Judge's ruling was clearly erroneous on 11 different grounds. The McNair Defendants oppose the appeal.

## **LEGAL STANDARD**

A district judge may refer any non-dispositive pretrial matter to a United States Magistrate Judge.[11] District judges must consider timely objections to rulings by magistrates on such matters, and they must "modify or set aside any part of the order that is clearly erroneous or contrary to law."[12] "A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole."[13]

---

[9] *See* Doc. 481 at 5.
[10] *Id.*
[11] 28 U.S.C. § 636(b)(1)(A). *See* Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).
[12] *See* FED. R. CIV. P. 72(a).
[13] Moore v. Ford Motor Co., 755 F.3d 802, 808 n.11 (5th Cir. 2014) (quoting St. Aubin v. Quarterman, 470 F.3d 1096, 1101 (5th Cir. 2006)).

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[14] Nowhere in this appeal or in his original opposition to the McNair Defendants' Motion to Compel does Carlisle argue that the O'Brien record is not relevant to his claim against the McNair Defendants.

Carlisle does, however, appear to argue in his appeal that the O'Brien record is privileged for two different reasons. The first contention is that this Court should not compel the production of the O'Brien record because it was sealed from public disclosure in Carlisle's habeas proceeding that is separate from this case.[15] As the Magistrate Judge noted in her ruling, whether the O'Brien record was sealed from public view in another case has no bearing on whether it must be produced in discovery to the McNair Defendants in this case.[16] This aspect of the Magistrate Judge's ruling thus was neither clearly erroneous nor contrary to law.

Carlisle also argues in his tenth objection to the Magistrate Judge's ruling that the O'Brien record is "highly protected under 42 C.F.R. § 2.64 and [Louisiana] R.S. 13:5304.L(1)."[17] As an initial matter, the federal regulations governing the disclosure of "substance use disorder patient records" only cover specific types of records, and Carlisle has presented no evidence to explain why the O'Brien record falls within these regulations.[18] More to the point, Carlisle fails to explain how either the relevant federal regulations or Louisiana law

---

[14] FED. R. CIV. P. 26(b)(1).
[15] *See* Carlisle v. Normand, et al., No. 16-838, Docs. 23, 24.
[16] *See* Doc. 481 at 4–5.
[17] Doc. 500 at 5.
[18] *See* 42 C.F.R. §§ 2.1–2.67.

4

applies to and protects the disclosure of the O'Brien record. Furthermore, Carlisle failed to raise this specific issue before the Magistrate Judge.[19] Accordingly, she never ruled on it, and thus the issue is not before this Court on appeal. Carlisle's other arguments fail to show how the Magistrate Judge's granting of the McNair Defendants' Motion to Compel was either clearly erroneous or contrary to law.

Carlisle also appeals the Magistrate Judge's award of $500 in fees to the McNair Defendants' attorneys pursuant to Federal Rule of Civil Procedure 37. Under that Rule, when a motion to compel is granted, "the court must *after giving an opportunity to be heard*, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[20]

Carlisle first argues that the Magistrate Judge erred in awarding fees because Carlisle never received a hearing with oral argument on the Motion to Compel despite the Rule's provision that an award shall only be issued after an opportunity to be heard. Carlisle received "an opportunity to be heard" when he filed an opposition to the Motion to Compel. The Rule does not require that a physical hearing take place.[21]

Carlisle next argues that ordering a plaintiff proceeding *in forma pauperis* to pay attorneys' fees pursuant to Rule 37 violates the Rule itself. Rule 37 provides that "the Court must not order . . .payment [of attorneys' fees]

---

[19] *See* Docs. 465 and 481.
[20] FED R. CIV. P. 37(a)(5)(A) (emphasis added).
[21] *See* FED R. CIV. P. 37, advisory committee's notes on 1993 amendments ("Revised paragraph (4) is divided into three subparagraphs for ease of reference, and in each the phrase 'after opportunity for hearing' is changed to 'after affording an opportunity to be heard' to make clear that the court can consider such questions on written submissions as well as on oral hearings.").

5

if: . . . other circumstances make an award of expenses unjust."[22] Carlisle argues that forcing a plaintiff proceeding *in forma pauperis* to pay attorneys' fees is just such an "unjust" situation covered by the Rule. Carlisle, however, cites no case law to support this argument. It also is not clear whether this argument was even raised before the Magistrate Judge. In any event, Carlisle has failed to show that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

## **CONCLUSION**

For the foregoing reasons, the Magistrate Judge's ruling is **AFFIRMED**.

New Orleans, Louisiana this 7th day of May, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[22] FED R. CIV. P. 37(a)(5)(A)(iii).