UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TAYLOR CARLISLE, ET AL.**                  **CIVIL ACTION**

**VERSUS**                                    **NO: 16-3767**

**NEWELL NORMAND, ET AL.**                   **SECTION: "H"(1)**

### ORDER AND REASONS

Before the Court are four motions: (1) a Motion for Summary Judgment by former Jefferson Parish Sheriff Newell Normand ("Sheriff") (Doc. 443);[1] (2) Plaintiffs' Appeal from the Magistrate Judge's March 20, 2019 Order and Reasons denying Plaintiff's Motion for Leave to file a Fourth Amended and Supplementing Complaint (Doc. 530); (3) Plaintiffs' Motion to Strike exhibits attached to Sheriff Normand's supplemental memorandum in support of his Motion for Summary Judgment (Doc. 532); and (4) Plaintiffs' Motion for Reconsideration of this Court's May 7, 2019 Order and Reasons denying Plaintiff's Appeal from the Magistrate Judge's February 4, 2019 Order and Reasons (Doc. 542). For the following reasons, the Sheriff's Motion for Summary Judgment is **GRANTED IN PART**, and Plaintiffs' Motions are **DENIED**.

---

[1] The Motion was technically filed by former Sheriff Normand. Doc. 443. By rule, Sheriff Lopinto was substituted as the Defendant Sheriff regarding Plaintiffs' claims in 2017 when Lopinto was appointed to replace Normand. *See* FED. R. CIV. P. 25(d). Because Plaintiffs never alleged any individual capacity claims against Normand, he is no longer a defendant in this suit; no claims remain against him. Accordingly, this Court will construe the instant Motion for Summary Judgment as one by Sheriff Lopinto. The Court will refer to the official capacity claims against Lopinto as claims against the "Sheriff" to avoid confusion.

1

# BACKGROUND

This lawsuit arises out of the participation by Plaintiffs Taylor Carlisle and Emile Heron in Jefferson Parish's Drug Court. This case has been pending for more than three years, and no trial date has been set. Since its inception, Plaintiffs have alleged a number of federal and state claims against a number of defendants. Many of those claims have since been dismissed. As summarized by the Magistrate Judge in her March 20, 2019 Order and Reasons, the following claims remain:

> 1. Plaintiffs' putative class action claims against the Sheriff for declaratory and injunctive relief and damages under §1983, challenging the imposition of jail time for alleged probation violations by Drug Court Program participants to the extent that imprisonment or refusal to consider good time by the Sheriff was not pursuant to an order from the Drug Court;
>
> 2. Plaintiffs' state law claims for legal malpractice pending against Joseph Marino; and
>
> 3. Plaintiff Carlisle's state law negligence claims against [Joe] McNair and McNair's business, for actions taken after April 27, 2015.[2]

On December 12, 2018, the Sheriff moved for summary judgment on the claims remaining against him.[3] The submission date on this Motion was continued several times, but the Motion eventually came under submission on April 10, 2019. On the same day Plaintiffs filed a lengthy opposition to the Motion, the Sheriff supplemented his Motion with a significant number of records.[4] Plaintiffs did not seek leave to respond to the supplemental

---

[2] Doc. 521 at 1–5.
[3] Doc. 443.
[4] *See* Doc. 528.

memorandum but instead filed a Motion to Strike many of the records.[5] The Sheriff opposes the Motion to Strike.[6]

Two months after the Sheriff filed his Motion for Summary Judgment, Plaintiffs filed a Motion for Leave to File a Fourth Amended and Supplementing Complaint.[7] Plaintiffs sought to amend their claims against the Sheriff. This Motion was referred to the Magistrate Judge. On March 20, 2019, the Magistrate Judge denied the Motion.[8] Plaintiffs now appeal the Magistrate Judge's decision denying leave to amend their claims against the Sheriff.[9] The Sheriff opposes the Motion.

Plaintiffs also seek reconsideration of a May 7, 2019 order by this Court affirming the Magistrate Judge's February 4, 2019 Order and Reasons that granted Defendants' Motion to Compel certain documents and ordered Plaintiffs to pay $500 in opposing counsel's expenses and fees.[10] Defendants oppose this Motion.

The Court will first address Plaintiffs' Motion to Strike records that the Sheriff relies on to support his Motion for Summary Judgment. Next, the Court will address the Sheriff's Motion for Summary Judgment. After that, the Court will address Plaintiffs' pending appeal of the Magistrate Judge's March 20, 2019 Order and Reasons. Finally, the Court will turn to Plaintiffs' Motion for Reconsideration.

---

[5] *See* Doc. 532.
[6] Doc. 540.
[7] *See* Doc. 490.
[8] Doc. 521.
[9] Doc. 530.
[10] *See* Docs. 481 (February 4, 2019 Order and Reasons), 500 (Plaintiffs' Appeal of the February 4, 2019 Order and Reasons), and 541 (May 7, 2019 Order and Reasons denying Plaintiffs' appeal).

3

# LEGAL STANDARD

## I. Motion to Strike

Under Federal Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Nevertheless, "[a]t the summary judgment stage, materials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'"[11] "This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record."[12]

## II. Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[14] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[15]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws

---

[11] LSR Consulting, LLC v. Wells Fargo Bank, N.A., 835 F.3d 530, 534 (5th Cir. 2016) (emphasis in original) (quoting FED. R. CIV. P. 56(c)(2)).
[12] Maurer v. Indep. Town, 870 F.3d 380, 384 (5th Cir. 2017) (citing FED. R. CIV. P. 56(c)(1)(A)).
[13] FED. R. CIV. P. 56.
[14] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[15] *Id.* at 248.

4

all reasonable inferences in his favor.[16] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[17] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[18]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[19] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[20] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[21]

### III. Appeal from Magistrate Judge's Order and Reasons

A district judge may refer any non-dispositive pretrial matter to a United States Magistrate Judge.[22] District judges must consider timely objections to rulings by magistrates on such matters, and they must "modify or set aside any part of the order that is clearly erroneous or contrary to law."[23] "A finding is clearly erroneous only if it is implausible in the light of the record considered

---

[16] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[17] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[18] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[19] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[20] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[21] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[22] 28 U.S.C. § 636(b)(1)(A). *See* Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).
[23] *See* FED. R. CIV. P. 72(a).

as a whole."[24] More specifically, "[a]n order is clearly erroneous if the court 'is left with the definite and firm conviction that a mistake has been committed.'"[25] "The district court [is not permitted to] undertake a de novo review of the magistrate's disposition."[26]

## IV. Motion for Reconsideration

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[27] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[28]

## LAW AND ANALYSIS

### I. Motion to Strike

Plaintiffs ask this Court to strike from the record two sets of minute entries that the Sheriff produced in support of his Motion for Summary Judgment. The first is a set of minute entries reflecting Drug Court appearances for Plaintiff Carlisle,[29] and the second is a similar set of minute

---

[24] Moore v. Ford Motor Co., 755 F.3d 802, 808 n.11 (5th Cir. 2014) (quoting St. Aubin v. Quarterman, 470 F.3d 1096, 1101 (5th Cir. 2006)).
[25] Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 768 (5th Cir. 2015) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).
[26] Cordova v. Crowley Marine Servs., Inc., No. 02-2880, 2003 WL 21804986, at *1 (E.D. La. Aug. 4, 2003) (Duval, J.) (citing Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981) ("Pretrial orders of a magistrate under s (sic) 636(b)(1)(A) are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations under s (sic) 636(b)(1)(B).").
[27] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).
[28] Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[29] Plaintiffs refer to these as Rec. Doc. 524-3. They also appear at Rec. Doc. 528-1.

entries regarding court appearances by Plaintiff Heron.[30] Plaintiffs ask to strike these from the record on the ground that they are inaccurate. That is, the minute entries say Plaintiffs were in court when they were not; that Plaintiffs were represented by counsel when they were not; and at least one minute entry says Plaintiff Carlisle appeared before a judge who Carlisle says he has never appeared before.

As previously noted by this Court, "[a]t the summary judgment stage, materials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'"[31] Plaintiffs have failed to show that these minute entries are not capable of being presented in a form that would be admissible in evidence. More importantly, Plaintiffs have failed to show that the Sheriff is not entitled to reasonably rely on such minute entries when determining who to incarcerate and for how long. Even if the minute entries contain inaccuracies, the Sheriff was entitled to rely on them when determining how long to incarcerate Plaintiffs Carlisle and Heron. Accordingly, the Motion is denied, and the Court will consider the minute entries in ruling on the Sheriff's Motion for Summary Judgment.

## II. Motion for Summary Judgment

Two types of claims remain against the Sheriff. The first allege that he held Plaintiffs in jail on numerous occasions absent a court order to do so. The second allege that he denied Plaintiffs good time credit in jail absent the authority to do so.

---

[30] Plaintiffs refer to these are Rec. Doc. 524-5. They also appear at Rec. Doc. 528-3.
[31] *LSR Consulting*, 835 F.3d at 534 (5th Cir. 2016) (emphasis in original) (quoting FED. R. CIV. P. 56(c)(2)).

### a. Claims that the Sheriff jailed Plaintiffs absent a court order
#### i. Plaintiff Carlisle

This Court has combed over the numerous minute entries submitted by the parties in response to the Sheriff's Motion. Having done so, this Court can find only one instance where Plaintiff Carlisle says he was in jail for which there is nothing in the record showing that the Sheriff had the authority to jail him. That period of time is between August 25, 2015 and September 1, 2015. For all other time periods that Plaintiff Carlisle says he spent in Jefferson Parish Correctional Center ("JPCC"), there are minute entries showing that Drug Court judges ordered him to be held during those periods.

Carlisle says he was in jail from August 25, 2015 to September 1, 2015.[32] The Sheriff did not introduce evidence to refute this statement. Carlisle says he attended a Drug Court hearing on August 25, 2015 but "was dismissed by Judge Faulkner without sanction to go see [his] probation officer."[33] Shortly thereafter, Carlisle says, he was arrested by a Gretna police officer and taken to jail.[34] He says he remained there over the next week.[35]

An August 25, 2015 minute entry reads, in its entirety, as follows:

The Defendant, Taylor E. Carlisle, appeared before the bar of the Court this day for Drug Court.

The Defendant was represented by Joseph A. Marino, Jr.

The Court ordered the Defendant to be given a sanction of 6 months JPCC, flat time/contempt.

The Court ordered the Defendant to be held for Revocation after his sanction is completed.

---

[32] *See* Doc. 525-2 at 30.
[33] *Id.* at 31.
[34] *Id.*
[35] *Id.* at 30. In fact, he says he was incarcerated from August 25, 2015 until he finished serving out his prison term in August 2018. *Id.*

The Defendant is to appear in Court September 1, 2015.[36]

At first glance, it appears this minute entry shows that Carlisle was ordered to begin serving a six-month jail sanction on August 25, 2015. If that were true, the Sheriff would have proof that he was holding Carlisle pursuant to an order from Drug Court between August 25, 2015 and September 1, 2015. Viewing the record in the light most favorable to Carlisle, however, the minute entry cannot be read to mean that.

First, it is important to note what the minute entry does *not* say. Most of the minute entries reflecting Carlisle's Drug Court appearances where he was sanctioned to immediate jail time indicate that he was remanded to JPCC at the end of the hearing.[37] The August 25, 2018 minute entry says no such thing.

Second, several sentences of the August 25, 2018 minute entry written in the passive voice suggest that Carlisle was not ordered to go straight to jail after the hearing. The minute entry says he was "to be given a sanction," that he was to "be held for Revocation after his sanction is completed," and that he "is to appear in Court September 1, 2015."[38] Considered together, these sentences could mean that the judge ordered that Carlisle be sanctioned at a later date—September 1, 2015—and that he could remain free until then. This reading is rendered more plausible given the existence of a September 1, 2015 minute entry where Carlisle "was given a sanction of 6 months" at a hearing on that day and "was remanded to Jefferson Parish Prison" afterward.[39]

Accordingly, a genuine dispute of material fact exists as to whether the Sheriff held Carlisle without the authority to do so from August 25, 2015 to

---

[36] Doc. 525-4 at 5.
[37] *See* Doc 528-1 at 1–6. The minute entries often refer to JPCC as Jefferson Parish Prison, which is what the correctional facility used to be called.
[38] Doc. 525-4 at 5.
[39] Doc. 528-1 at 5.

9

September 1, 2015. Nevertheless, the record is clear—that is, there is no genuine dispute of material fact—that the Sheriff had authority from Drug Court judges to incarcerate Plaintiff for all the other periods of time for which he says the Sheriff held him unlawfully.

Thus, the Sheriff's Motion is granted in part. The only remaining claim Plaintiff Carlisle has against the Sheriff is one for wrongful imprisonment from August 25, 2015 to September 1, 2015. The Sheriff is entitled to summary judgment on all other claims by Plaintiff Carlisle.

### ii. Plaintiff Heron

As with Plaintiff Carlisle, there is only one instance in the record where Plaintiff Heron says he was jailed for which the Sheriff has not shown that he had the authority to jail him. That time was between mid-to-late June 2016 and July 20, 2016.

Plaintiff Heron says he was incarcerated during this period of time.[40] Between December 15, 2015 and January 26, 2016, Plaintiff Heron made several appearances at Drug Court.[41] One such appearance occurred on January 19, 2016, and at that hearing Plaintiff Heron "stipulated" to a sanction.[42] This Court cannot find a minute entry in the record dated January 19, 2016. There is, however, a minute entry dated January 26, 2019.[43] That minute entry says that "[o]n January 19, 2016, the Defendant was sanctioned to 6 months flat time for contempt of court to be served in the Jefferson Parish Prison."[44] The minute entry also says that "[t]he Court now amends the

---

[40] *See* Doc. 525-2 at 22–23.
[41] *See* Doc. 525-3 at 14–18.
[42] Doc. 525-2 at 22.
[43] Doc. 525-3 at 14.
[44] *Id.*

10

aforementioned sanction and orders that the Defendant is to be given credit for all time served beginning on December 15, 2015 to present day."[45]

The January 26, 2016 minute entry thus appears to show that Plaintiff Heron's six-month sanction from the previous week should have run its course in June 2016.[46] Unlike other minute entries, this one does not say that Heron should be held in jail pending a final revocation hearing. The Sheriff has not introduced evidence to contradict the showing by Heron that he was entitled to credit for time served during this roughly month-long period between late June 2016 and July 20, 2016.

Accordingly, the Sheriff's Motion is granted in part on this claim. A genuine dispute of material fact exists as to whether the Sheriff unlawfully held Plaintiff for an unspecified time period beginning in late June 2016 and ending July 20, 2016. Thus, Plaintiff Heron's claim against the Sheriff remains for that time period only. The record is clear—that is, there is no genuine dispute of material fact—that the Sheriff jailed Plaintiff Heron at all other times pursuant to orders from Drug Court judges. The Sheriff is thus entitled to summary judgment against Plaintiff Heron's claims except as outlined above.

### b. Claims that the Sheriff denied Plaintiffs good time absent a court order

In a September 25, 2018 Order and Reasons, this Court held as follows:

> *Heck* [*v. Humphrey*] does not bar claims against the Sheriff for denying Plaintiff good time if the order imposing his incarceration did not specify that punishment. Therefore Plaintiff's claims for wrongful imprisonment against the sheriff remain but only to the

---

[45] *Id.*
[46] Without calculating the date exactly, because Plaintiff Heron was ordered to serve a six-month sanction, and his sanction was to begin retroactively on December 15, 2015, he should have been eligible for release around June 15, 2016.

11

extent that the imprisonment or refusal to consider good time was not pursuant to an order from Drug Court.[47]

This ruling pertained to claims by Plaintiffs that the Sheriff refused to award them "good time" credit for time they served in JPCC as a result of "flat time" sanctions from Drug Court judges. That is, Plaintiffs claimed that the Sheriff wrongfully imprisoned them by holding them for the entirety of their incarceration sanctions when in fact they should have been able to earn good time credit and secure a release from JPCC without having to serve their full sanctions.

The minute entries show that Plaintiffs' sanctions were ordered to be served as flat time—that is, as Plaintiffs noted in their Second Supplemental and Amending Complaint,[48] without the benefit of the ability to earn good time.[49] Although the minute entry reflecting Plaintiff Heron's sanction on December 2, 2014 does not specify a flat time sanction, the Court notes that a 48-hour sentence—like many, if not all, of the sanctions Plaintiffs were punished with by the Drug Court—is too short to potentially qualify an inmate for good time credit under Louisiana law.[50]

At this point, this Court believes it is necessary to point out the difference between the claims that Plaintiffs have alleged regarding good time and the claims Plaintiffs have *attempted* to allege regarding good time in their proposed Fourth Amended and Supplementing Complaint. As described above, Plaintiffs have alleged that the Sheriff wrongfully imprisoned them by failing

---

[47] Doc. 359 at 4–5.
[48] Doc. 117 at 56 n.14 ("When used in the context of prisoners, the term 'flat time' refers to the prison term that is to be served by a prisoner without the benefit of good time credit and the like.").
[49] *See, e.g.*, Doc. 528-1 at 2–5 (ordering flat time sanctions for Plaintiff Carlisle); Doc. 528-3 at 1–3, 5, 7 (ordering flat time sanctions for Plaintiff Heron).
[50] *See* Doc. 528-3 at 6 (sanctioning Plaintiff Heron to "48 hours in JPCC"); LA. REV. STAT. § 15:571.3 (providing when inmates may qualify for good time credit).

to apply good time credit to their Drug Court flat time sanctions.[51] What Plaintiffs have not alleged—but what they are now trying to allege—is that the Sheriff miscalculated the time Plaintiffs spent in JPCC when reporting such time to the Louisiana Department of Public Safety and Corrections, which resulted in Plaintiffs spending more time incarcerated post-revocation than they should have. This claim is not before the Court. Accordingly, the Court expresses no opinion as to the potential merits of such a claim.

There is no genuine dispute of material fact about whether the Sheriff failed to properly credit Plaintiffs with good time for their flat time Drug Court sanctions. Accordingly, he is entitled to summary judgment on these claims. The only claims that remain against him are for wrongful imprisonment based on allegedly incarcerating each Plaintiff for the specific time periods outlined above without the authority to do so.

### III. Appeal from the Magistrate Judge's denial of leave to amend

On March 30, 2019, the Magistrate Judge denied Plaintiffs' Motion for Leave to File a Fourth Amended and Supplementing Complaint. The Magistrate Judge reasoned in relevant part that Plaintiffs' exhibited "a clear pattern of delay," that they were "shifting the nature of their claims in response to the court's rulings," and that the Sheriff—whose Motion for Summary Judgment had been pending for about four months when Plaintiffs' moved for leave to amend their Complaint—would be prejudiced by the granting of Plaintiffs' Motion.[52]

Plaintiffs have failed to show that the Magistrate Judge's ruling was clearly erroneous or contrary to law.[53] This Court agrees with the Magistrate

---

[51] *See* Docs. 1, 117.
[52] Doc. 521 at 7–8.
[53] Plaintiffs argue that their Motion should be reviewed under a *de novo* standard on the ground that the denial of leave to amend a complaint is a dispositive rather than a non-

Judge that Plaintiffs are simply shifting their claims in response to the Court's rulings, and that the Sheriff would be unduly prejudiced at this stage of litigation if Plaintiffs were allowed to significantly amend the claims against him, particularly given the status of his pending Motion for Summary Judgment. Accordingly, Plaintiffs' Motion is denied.

## IV. Motion for Reconsideration

Plaintiffs in this Motion continue to re-hash the same arguments they have now presented before both the Magistrate Judge and this Court regarding the imposition of a $500 award of attorneys' fees related to Plaintiffs' failure to produce certain discovery. Plaintiffs now seek a "stay" of this award, even though they offer no reason to explain why they failed to ask for such relief sooner. Plaintiffs refusal to fully comply with the Magistrate Judge's fair sanction underscores the need for the sanction. Accordingly, this Court sees no need to disturb its previous decision affirming the Magistrate's award of the discovery sanction.[54] Plaintiffs' Motion is denied.

## **CONCLUSION**

For the foregoing reasons, the Sheriff's Motion for Summary Judgment (Doc. 443) is **GRANTED IN PART**. Plaintiff Carlisle's claim that the Sheriff held him in jail without the authority to do so from August 25, 2015 to September 1, 2015 remains. Plaintiff Heron's claim that the Sheriff held him

---

dispositive issue under Federal Rule of Civil Procedure 72. Plaintiffs cite two decisions from outside the Fifth Circuit that support this argument. *See* Lariviere, Grubman & Payne, LLP v. Phillips, No. 07-CV-01723-WYD-CBS, 2010 WL 4818101, at *5 (D. Colo. Nov. 9, 2010); Cuenca v. Univ. of Kansas, 205 F. Supp. 2d 1226, 1229 (D. Kan. 2002). The Fifth Circuit, however, has indicated that such issues are non-dispositive. *See* PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 n.11 (5th Cir. 1996). Accordingly, this Court will review Plaintiff's appeal under the standard for non-dispositive motions, as is customary in this Circuit.

[54] *See* Doc. 541.

in jail from an unspecified day in June 2016 until July 20, 2016 without the authority to do so also remains. The Sheriff is entitled to summary judgment on the remainder of Plaintiffs' claims against him.

It is further ordered that Plaintiffs' Motions (Docs. 530, 532, and 542) are **DENIED**.

New Orleans, Louisiana this 7th day of August, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**