# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are three Motions: the Motion for Summary Judgment by former Jefferson Parish Sheriff Newell Normand and current Jefferson Parish Sheriff Joseph Lopinto (Doc. 566); Plaintiffs' Motion for Partial Summary Judgment Against Sheriff (Doc. 580); and Plaintiffs' Motion to Certify Class Respecting Sheriff Claims and to Issue Notice to Class Members (Doc. 608). For the following reasons, all three Motions are **DENIED**.

## BACKGROUND

In this suit, Plaintiffs challenge the manner in which the Jefferson Parish Drug Court ("Drug Court") is conducted. Plaintiffs Taylor Carlisle and Emile Heron were convicted of the possession of various controlled substances and, as part of their sentences, enrolled in Drug Court. The gist of Plaintiffs' claims is that the Drug Court administrators deprived them of due process in various ways, leading to unlawful incarcerations and other negative consequences.

Relevant to the pending Motions are Plaintiffs' claims against Defendant Joseph Lopinto in his official capacity as the Sheriff of Jefferson Parish (the

1

"Sheriff").[1] Plaintiffs brought "putative class action claims against the Sheriff for declaratory and injunctive relief and damages under § 1983, challenging the imposition of jail time for alleged probation violations by Drug Court participants."[2] On September 25, 2018, this Court held that the Supreme Court case of *Heck v. Humphrey* precluded Plaintiffs' claims against the Sheriff to the extent Plaintiffs sought relief for detention based on judicial incarceration orders that had not been invalidated.[3] Following this Court's September 25, 2018 ruling, Plaintiffs' only remaining claims against the Sheriff were those alleging that the Sheriff's Office imprisoned Plaintiffs and denied them good time credit either without, or in contravention to, a judicial order.[4]

On December 13, 2018, the Sheriff filed a Motion for Summary Judgment in which he argued that Plaintiffs were, at all relevant times, incarcerated pursuant to a valid court order. On August 7, 2019, the Court granted the Sheriff's Motion for Summary Judgment in part, finding (1) that valid Drug Court orders undermine most of Plaintiffs' claims for wrongful imprisonment and (2) that Plaintiffs failed to demonstrate that they were wrongfully denied good time credit.[5] The Court did, however, allow Plaintiffs' claims for wrongful imprisonment to proceed as to two specific periods of incarceration for which

---

[1] The Motion for Summary Judgment currently before the Court was technically filed by former Sheriff Normand in his individual capacity and Sheriff Joseph Lopinto in his official capacity. *See* Doc. 443. By rule, Sheriff Lopinto was substituted as the Defendant Sheriff regarding Plaintiffs' claims in 2017 when Lopinto was appointed to replace Normand. *See* FED. R. CIV. P. 25(d). Because Plaintiffs never alleged any individual capacity claims against Normand, he is no longer a defendant in this suit; no claims remain against him. Accordingly, this Court will construe the instant Motion for Summary Judgment as one by Sheriff Lopinto. The Court will refer to the official capacity claims against Lopinto as claims against the "Sheriff" to avoid confusion.

[2] *See* Doc. 521 at 1–5.

[3] *See* Doc. 359. *See also* Heck v. Humphrey, 512 U.S. 477, 482 (1994).

[4] *See* Doc. 436 at 4–5 (the Court's discussion of Plaintiffs' remaining claims following the Court's ruling on the Sheriff's Motion to Dismiss).

[5] *See* Doc. 545.

the Court could not find evidence of the Sheriff's lawful authority to jail them. For Plaintiff Carlisle, this is his period of incarceration from August 25, 2015 to September 1, 2015. For Plaintiff Heron, this is his period of incarceration from mid-to-late June 2016 to July 20, 2016.[6] Today, Plaintiffs' only remaining claims against the Sheriff are that the Sheriff's Office held them in prison during these two discrete periods without a Drug Court order directing the Office to do so.

Now before the Court are three Motions concerning Plaintiffs' claims against the Sheriff. The first Motion is Defendant Sheriff Lopinto's second Motion for Summary Judgment in which he provides new evidence that purportedly demonstrates the Sheriff's legal authority to incarcerate the Plaintiffs for the time periods at issue. The second Motion before the Court is Plaintiffs' Motion for Partial Summary Judgment, wherein Plaintiffs ask this Court to find that the Sheriff's Office incorrectly reported Plaintiffs' jail time to the Louisiana Department of Safety and Corrections ("DOC"). The third and final Motion before the Court is Plaintiffs' Motion to Certify Class Respecting Sheriff Claims and to Issue Notice to Class Members. All Motions are opposed.

## LEGAL STANDARD

### I.   Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will

---

[6] Doc. 5
[7] FED. R. CIV. P. 56.

properly preclude the entry of summary judgment."[8] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[9]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[10] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[11] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[12]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[13] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[15]

---

[8]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[9]  *Id.* at 248.

[10]  Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

[11]  Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).

[12]  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[13]  Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[14]  Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).

[15]  Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

## II.    Motion to Certify Class

To be certified under Rule 23, the class must first satisfy four threshold requirements. A court may certify a class only if:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.[16]

After the prerequisites of Rule 23(a) have been met, the proposed class must satisfy one of the three provisions for certification under Rule 23(b). This class action purports to be an action under Rule 23(b)(2), which allows for class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."[17]

A Court must determine whether to certify an action as a class action "at an early practicable time after a person sues or is sued as a class representative."[18] In the Eastern District of Louisiana, the Local Rules require that a plaintiff move for class certification "[w]ithin 91 days after filing of a complaint in a class action or filing of a notice of removal of the class action from state court, whichever is later, . . . unless this period is extended upon motion for good cause and order by the court."[19]

---

[16] FED. R. CIV. P. 23(a).
[17] FED. R. CIV. P. 23(b)(2).
[18] FED. R. CIV. P. 23(c)(1)(A).
[19] L.R. 23.1(B).

## LAW AND ANALYSIS

There are currently three Motions before the Court: (1) the Sheriff's Motion for Summary Judgment; (2) Plaintiffs' Motion for Partial Summary Judgment; and (3) Plaintiffs' Motion to Certify Class. Each Motion will be discussed in turn.

## I.      The Sheriff's Motion for Summary Judgment (Doc. 566)

In the Sheriff's Motion for Summary Judgment, the Sheriff provides new evidence that arguably demonstrates that Plaintiffs were at all relevant times incarcerated pursuant to a valid court order. The Court will address the evidence presented as to each Plaintiff separately.

### A. Plaintiff Carlisle

In this Court's Order and Reasons addressing the Sheriff's first Motion for Summary Judgment, this Court found that a genuine issue of material fact existed as to whether the Sheriff's incarceration of Carlisle from August 25, 2015 to September 1, 2015 was pursuant to a valid court order. In so holding, the Court looked to an August 25, 2015 minute entry which stated:

> The Defendant, Taylor E. Carlisle, appeared before the bar of the Court this day for Drug Court.
> The Defendant was represented by Joseph A. Marino, Jr.
> The Court ordered the Defendant to be given a sanction of 6 months JPCC, flat time/contempt.
> The Court ordered the Defendant to be held for Revocation after his sanction is completed.
> The Defendant is to appear in Court September 1, 2015.[20]

Finding the minute entry relatively silent as to whether Carlisle was to be remanded to Jefferson Parish Correctional Center ("JPCC") prior to his September 1, 2015 court date, this Court found a genuine issue of fact as to whether Carlisle's detention during that time was pursuant to a court order.

---

[20] Doc. 525-4 at 5.

In his current Motion for Summary Judgment, Sheriff Lopinto presents two new pieces of evidence to demonstrate that the Drug Court ordered Carlisle's imprisonment from August 25, 2015 until September 1, 2015. First, the Sheriff presents an "Order of Attachment" dated August 25, 2015, wherein the Sheriff of Jefferson Parish is directed to "attach the body of Taylor E. Carlisle" and have him appear in court "to answer for a contempt in neglecting or refusing to attend before said Court as a Defendant."[21] Second, the Sheriff presents one page from Carlisle's "Criminal History Report" which states that, on August 25, 2015, Carlisle was arrested pursuant to a Drug Court attachment and "needs to be held brought to Drug Court Tuesday September 1, 2015."[22] The Court finds these two documents alone insufficient to warrant summary judgment in the Sheriff's favor.

First the Court cannot ignore the inconsistency between the August 25, 2015 minute entry, which states that Carlisle appeared in court,[23] and the August 25, 2015 Order of Attachment, which states that Carlisle is to be arrested for his failure to appear.[24] Second, although the Criminal History Report indicates that Carlisle was to be held and brought to Drug Court on September 1, 2015, the report does not indicate who gave the officer this order. Moreover, the Sheriff does not provide this Court with affidavits or testimony that would clarify or otherwise authenticate the documents.

Carlisle asserts in his affidavit that he was arrested outside of the courthouse without cause after making his appearance in Drug Court on August 25, 2015 and that the Order of Attachment was fraudulently created

---

[21] Doc. 566-4.
[22] *Id*. (emphasis omitted).
[23] *See* Doc. 525-4 at 5.
[24] *See* Doc. 566-4.

to support his unlawful arrest.[25] The Sheriff has not provided this Court with proper summary judgment evidence to refute Carlisle's assertion. Accordingly, the Sheriff's Motion for Summary Judgment on Carlisle's remaining claim against him is denied.

**B. Plaintiff Heron**

In this Court's Order and Reasons addressing the Sheriff's first Motion for Summary Judgment, this Court found a genuine issue of material fact as to whether the Sheriff unlawfully held Plaintiff from mid-to-late June 2016 to July 20, 2016.[26] In so holding, this Court found evidence that, on January 19, 2016, Plaintiff was given a six-month sanction. On January 26, 2016, that sanction was amended to include credit for time served between December 15, 2015 to January 26, 2016. Heron's six-month sentence therefore should have ended in mid-to-late June 2016. As the Sheriff did not provide evidence as to why Heron remained in prison until July 20, 2016, this Court found that Heron's wrongful imprisonment claim persisted during the period from mid-to-late June 2016 to July 20, 2016.

In the Sheriff's current Motion for Summary Judgment, the Sheriff now presents a previously unsubmitted document titled "Court Disposition," dated June 17, 2016, on Jefferson Parish Sheriff's Office letterhead.[27] The Court Disposition bears the typed signature of a clerk, Jaime Plaisance, and indicates that Heron "is to be held for revocations."[28] The Sheriff argues that this document suffices to demonstrate that Plaintiff's incarceration from June 2016 until his revocation hearing on July 20, 2016 was pursuant to a valid court order. This Court disagrees. Unlike the other minute entries upheld by this

---

[25] Doc. 525-2 at 31–32.
[26] *See* Doc. 545 at 10–11.
[27] *See* Doc. 566-7.
[28] *Id.*

Court, the Court Disposition does not bear the seal of the 24th Judicial District Court or otherwise indicate that it is a court-sanctioned document. In the deposition of Deputy Steven Abadie, the 30(b)(6) representative of the Sheriff and Administrator of JPCC, Abadie stated that court dispositions are ordinarily written by sheriff's deputies but that a typed document like the one at issue was likely supplied by "court staff."[29] In any event, Abadie testified that he did not understand the document to be a court order.[30] The Sheriff's Motion for Summary Judgment on Plaintiff Heron's claim is therefore denied.

## II.    Plaintiffs' Motion for Partial Summary Judgment (Doc. 580)

In Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs ask this Court to find in their favor on their purported claim that, after Plaintiffs were revoked from the Drug Court program, the Sheriff failed to accurately report Plaintiffs' time spent in JPCC to the DOC (hereinafter the "inaccurate reporting claim"). Plaintiffs thus contend that the Sheriff unlawfully deprived them of credit for time served in contravention to orders from the 24th Judicial District Court. However, as this Court has explained many times before, this claim is not properly before this Court.

Plaintiffs' inaccurate reporting claim was brought before this Court for the first time in Plaintiffs' proposed Fourth Amended and Supplementing Complaint.[31] On March 20, 2019, the Magistrate Judge denied Plaintiffs' leave

---

[29] Doc. 611-2 at 7, 17–18.

[30] *Id*. at 18.

[31] In Plaintiffs' Reply, Plaintiffs assert that their inaccurate reporting claim was properly alleged in their Original Complaint. In the Original Complaint, Plaintiff Carlisle alleges that the Sheriff wrongfully kept him "in jail . . . for mere probation infractions. The Defendant Sheriff Normand knew that under LSA- R.S. LSA- R.S. 15:571.3 only the sheriff can issue 'flat time' . . . Sheriff Normand did not release Carlisle for good time even though he knew he was entitled to it. Sheriff Normand knew that although the Drug Court ordered 'flat time' . . . the Drug Court statute requires that all time be credited if revocation occurs and the Drug Court lacked that authority under LSA-R.S. 15:571.3 which states that

9

to file said complaint, finding that Plaintiffs' amendment was both untimely and an attempt to shift the claims in response to the Court's rulings.[32] On August 7, 2019, this Court affirmed the Magistrate Judge's decision on appeal. On September 27, 2019, this Court denied Plaintiffs' Motion for Reconsideration of its August 7, 2019 decision.[33] Now, a year and a half later and for the third time, Plaintiff asks this Court to reverse the Magistrate Judge's decision and address the claims in their proposed Fourth Amended and Supplemental Complaint. The Court declines to do so.[34]

Moreover, any claims that Plaintiffs had timely alleged regarding the Sheriff's failure to credit good time have been dismissed. Specifically, Plaintiffs alleged that the Sheriff refused to award Plaintiffs good time credit as a result of "flat time" sanctions.[35] The Court found, however, that Plaintiffs' flat time sanctions were ordered by the Drug Court and that Plaintiffs' related claims against the Sheriff were barred under *Heck v. Humphrey*.[36] Accordingly, the *only* claims that remain against the Sheriff are Plaintiff Carlisle's claim that he was wrongfully held in JPCC from August 25, 2015 to September 1, 2015

---

EVERY prisoner is entitled to good time unless he has committed a sexual crime or a violent crime on two or more occasions. Furthermore the Sheriff knew that only the Sheriff is authorized to order flat time." *See* Doc. 1. at 27–28. The Court does not find these allegations in the Original Complaint sufficient to state a claim against the Sheriff for inaccurate reporting. Rather, Plaintiffs clearly assert the inaccurate reporting claim for the first time in their proposed Fourth Amended and Supplementing Complaint. *See* Doc. 490-1 at 36.

[32] *See* Doc. 521.

[33] *See* Doc. 553.

[34] For the reasons stated herein, the Court cannot address the merits of Plaintiffs' inaccurate reporting claim. The Court does, however, acknowledge that Plaintiffs have presented evidence that the Sheriff's Office was indeed reporting less than the actual time a prisoner served to the DOC in derogation of Civil Code of Procedure Article 880. The Court laments that Plaintiffs' inaccurate reporting claim was not timely brought before the Court as Plaintiffs' evidence demonstrates cause for concern.

[35] "Flat time" refers to a prison term served without benefit of good time credit. *See* Doc. 117 at 56 n.14.

[36] *See* Doc. 545 at 12–13.

and Plaintiff Heron's claim that he was wrongfully held from mid-to-late June 2016 to July 20, 2016. To the extent that Plaintiffs contend that they have additional claims against the Sheriff, the Court emphasizes that these are not before the Court. Plaintiffs' Motion for Partial Summary Judgment is denied.

### III.   Plaintiffs' Motion to Certify Class Respecting Sheriff Claims and to Issue Notice to Class Members (Doc. 608)

In Plaintiffs' Motion to Certify, Plaintiffs ask this Court to certify their claims against the Sheriff as a class action. Specifically, Plaintiffs ask this Court to certify a class of Drug Court participants sentenced to jail time at JPCC for whom,

> despite judicial order and/ or in violation of the Drug Court statute, and La. Code Crim Proc Art. 880, and Art. 900 and related regulations, the Sheriff of Jefferson Parish did not calculate and provide "credit for time in custody" upon the probationers' revocation and re- sentencing to "hard labor" to be served in the Department of Public Safety and Corrections.[37]

Plaintiffs' defined class is a restatement of Plaintiffs' proposed inaccurate reporting claim. As explained above in response to Plaintiffs' Motion for Partial Summary Judgment, this claim is not before the Court. Accordingly, Plaintiffs' Motion to Certify such a class is denied.

To the extent that Plaintiffs ask this Court to certify a class relating to Plaintiffs' wrongful imprisonment claims, Plaintiffs' request is also denied.[38] Plaintiffs each only have one, highly fact-specific claim remaining against the

---

[37] Doc. 608 at 2. For the purpose of preserving the record on appeal, Plaintiffs also define a second class but acknowledge that the claims within the proposed second class are no longer before this Court. *See id*. at 2–3.

[38] The Court does not perceive Plaintiffs' Motion to Certify as asking this Court to certify Plaintiffs' remaining wrongful imprisonment claim but addresses the claim out of an abundance of caution as the proposed class was addressed in the Original and First Supplementing Complaints. *See* Doc. 1 at 8; Doc. 14 at 10.

Sheriff. Plaintiffs therefore have not demonstrated that they can "fairly and adequately protect the interests of the class" or that the certified questions "predominate."[39]

   For the above reasons, Plaintiffs' Motion to Certify is denied. Plaintiffs' putative class action claims against the Sheriff are dismissed with prejudice.

## **CONCLUSION**

   Accordingly, the Sheriff's Motion for Summary Judgment, Plaintiffs' Motion for Partial Summary Judgment, and Plaintiffs' Motion to Certify Class are **DENIED**.

   **IT IS ORDERED** that Plaintiffs' putative class claims against the Sheriff are hereby **DISMISSED WITH PREJUDICE.**

   New Orleans, Louisiana this 23rd day of March, 2021.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[39] *See* Jenkins v. Raymark Indus., Inc., 782 F.2d 468, 472 (5th Cir. 1986) ("Defendants have not shown that the representatives are 'inadequate' due to an insufficient stake in the outcome or interests antagonistic to the unnamed members." (citations omitted)) ("In order to 'predominate,' common issues must constitute a significant part of the individual cases." (citations omitted)).