UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAYLOR CARLISLE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3767** |
| **NEWELL NORMAND, ET AL.** | **SECTION: H(1)** |

### ORDER AND REASONS

Before the Court is Sheriff Joseph Lopinto's Motion to Reconsider the Court's Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (Doc. 690). For the following reasons, this Motion is **GRANTED**.

### BACKGROUND

In this suit, Plaintiffs challenge the manner in which the Jefferson Parish Drug Court ("Drug Court") is conducted. Plaintiffs Taylor Carlisle and Emile Heron were convicted of the possession of various controlled substances and, as part of their sentences, enrolled in Drug Court. The gist of Plaintiffs' claims is that the Drug Court administrators deprived them of due process in

various ways, leading to unlawful incarcerations and other negative consequences.

Relevant to the instant Motion are Plaintiffs' claims against Defendant Joseph Lopinto in his official capacity as the Sheriff of Jefferson Parish (the "Sheriff").[1] At the outset of this litigation, Plaintiffs brought "putative class action claims against the Sheriff for declaratory and injunctive relief and damages under § 1983, challenging the imposition of jail time for alleged probation violations by Drug Court participants."[2] On September 25, 2018, this Court held that the Supreme Court case of *Heck v. Humphrey* precluded Plaintiffs' claims against the Sheriff to the extent Plaintiffs sought relief for detention based on judicial incarceration orders that had not been invalidated.[3] Following this Court's September 25, 2018 ruling, Plaintiffs' only remaining claims against the Sheriff were those alleging that the Sheriff's Office imprisoned Plaintiffs and denied them good time credit either without or in contravention to a judicial order.[4]

On December 13, 2018, the Sheriff filed his first motion for summary judgment ("First MSJ"), in which he argued that Plaintiffs were, at all relevant times, incarcerated pursuant to valid court orders.[5] On August 7, 2019, the Court granted the Sheriff's First MSJ in part, finding (1) that valid Drug Court

---

[1] By rule, Sheriff Lopinto was substituted as the Defendant Sheriff regarding Plaintiffs' claims in 2017 when Lopinto was appointed to replace Normand. See FED. R. CIV. P. 25(d). *See* Doc. 618 at 2 n.1.
[2] Doc. 521 at 1–5.
[3] *See* Doc. 359; *see also* Heck v. Humphrey, 512 U.S. 477, 482 (1994).
[4] *See* Doc. 436 at 4–5 (discussing Plaintiffs' remaining claims following the Court's ruling on the Sheriff's Motion to Dismiss).
[5] Doc. 443.

orders undermine most of Plaintiffs' claims for wrongful imprisonment and (2) that Plaintiffs failed to demonstrate that they were wrongfully denied good time credit.[6] The Court did, however, allow Plaintiffs' claims for wrongful imprisonment to proceed as to two specific periods of incarceration for which the Court could not find evidence of the Sheriff's lawful authority to jail them. For Plaintiff Carlisle, this was his period of incarceration from August 25, 2015 to September 1, 2015. For Plaintiff Heron, this was his period of incarceration from mid-to-late June 2016 to July 20, 2016.

Subsequently, on December 20, 2019, the Sheriff filed his second motion for summary judgment ("Second MSJ"), arguing that these two periods of incarceration were also executed pursuant to valid court orders and presenting new evidence allegedly proving as much.[7] The Court disagreed and denied the motion.[8] In response, the Sheriff filed his third motion for summary judgment ("Third MSJ") with yet more evidence, and this time the Court determined that Carlisle's imprisonment from August 25, 2015 to September 1, 2015 was validly ordered, but the same could not be said for Heron's respective period of incarceration.[9] The Court entered an Order with reasons to follow granting in part (as to Carlisle) and denying in part (as to Heron) the Sheriff's Third MSJ.

Now before the Court is the Sheriff's Motion to Reconsider the Order as to the Third MSJ.[10] The Sheriff presents new evidence relevant to Heron's

---

[6] *See* Doc. 545.
[7] *See* Doc. 566.
[8] *See* Doc. 618.
[9] *See* Doc. 628 (the Sheriff's third motion); Doc. 680 (Court's Order).
[10] *See* Doc. 690.

roughly month-long incarceration. Plaintiffs oppose this Motion.[11] This Court hereby sets out the reasons for its partial grant of the Sheriff's Third MSJ, as well as its rationale for altering that ruling to a full grant of summary judgment in favor of the Sheriff.

## LEGAL STANDARD

### I. Motions to Reconsider

Motions to reconsider interlocutory orders are governed by Federal Rule of Civil Procedure 54(b).[12] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[13] "'[T]he power to reconsider or modify interlocutory rulings is committed to the discretion of the district court, and that discretion is not cabined by the heightened standards for reconsideration governing final orders.'"[14]

### II. Motions for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if

---

[11] *See* Doc. 702.
[12] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"); *see* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).
[13] Austin v. Kroger Tex., L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).
[14] *Id.* at 337 (quoting Saint Annes Dev. Co. v. Trabich, 443 Fed. Appx. 829, 831–32 (4th Cir. 2011) (internal quotations omitted)).

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[15] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[16]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[17] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[18] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[19] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[20] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[15] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[17] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[18] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[19] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[20] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[21] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[22]

## LAW AND ANALYSIS

Prior to the Court's most recent Order in this case, there were two pending wrongful imprisonment claims against the Sheriff: one for Plaintiff Carlisle's incarceration from August 25 to September 1, 2015, and another for Plaintiff Heron's incarceration from mid-to-late June 2016 to July 20, 2016. The Court will address the Sheriff's evidence presented as to each Plaintiff separately.

### I. Plaintiff Carlisle

The Sheriff has presented the following evidence of the lawfulness of Carlisle's roughly week-long detention. His First MSJ included an August 25, 2015 minute entry of the 24th Judicial District Court that states:

> The Defendant, Taylor E. Carlisle, appeared before the bar of the Court this day for Drug Court.
> The Defendant was represented by Joseph A. Marino, Jr.
> The Court ordered the Defendant to be given a sanction of 6 months JPCC, flat time/contempt.
> The Court ordered the Defendant to be held for Revocation after his sanction is completed.
> The Defendant is to appear in Court September 1, 2015.[23]

---

[21] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[22] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[23] Doc. 525-4 at 5.

6

The Court deemed this entry insufficient evidence of lawful detention between August 25 and September 1 insofar as it was silent as to whether Carlisle was to be remanded to Jefferson Parish Correctional Center ("JPCC") prior to his September 1, 2015 court date.

Next, in his Second MSJ, the Sheriff presented an "Order of Attachment" dated August 25, 2015, wherein the Sheriff of Jefferson Parish is directed to "attach the body of Taylor E. Carlisle" and have him appear in court "to answer for a contempt in neglecting or refusing to attend before said Court as a Defendant."[24] The problem with the Order of Attachment, the Court found, was that it contradicted the August 25 minute entry on the point of whether Carlisle appeared in court. The Sheriff also adduced one page from Carlisle's "Criminal History Report," which states that, on August 25, 2015, Carlisle was arrested pursuant to a Drug Court attachment and "needs to be held brought to Drug Court Tuesday September 1, 2015."[25] The problem with the Criminal History Report, however, was that it does not detail who gave the officer the order to hold Carlisle until September 1.

Finally, in his Third MSJ, the Sheriff presents another signed minute entry from August 25, 2015 that states, "The Defendant, Taylor E. Carlisle, did not appear before the bar of the Court this day for Drug Court. At the request of the Assistant District Attorney the Court ordered that an attachment be issued for Taylor E. Carlisle."[26] The Court finds this evidence sufficient to

---

[24] Doc. 566-4.
[25] *Id.* (emphasis omitted).
[26] Doc. 628-4.

demonstrate that Carlisle was imprisoned from August 25 to September 1 pursuant to a lawful court order. This minute entry does not suffer from the defects identified in the Sheriff's other evidence. While it does continue to contradict the minute entry from the First MSJ on whether Carlisle appeared in court, the Court finds that this inconsistency does not render unlawful any arrest made pursuant to this order. Indeed, the Sheriff's officer executing the order may not have been aware of the contradiction, and even if he were, he can hardly be expected to defy a court order on account of a possible clerical error. Accordingly, the Court granted summary judgment in favor of the Sheriff with respect to Carlisle's claim.[27]

## II.   Plaintiff Heron

Next, based on the Sheriff's Third MSJ, the Court denied relief in his favor with respect to Heron's claim. This is because the Sheriff argued that on January 19, 2016, the 24th Judicial District Court ordered that Heron serve a six-month sentence for contempt and that he be held for his revocation hearing, yet the Sheriff never produced evidence of this January 19 order. In his Second MSJ, the Sheriff presented an affidavit from Ligaya Preatto, the Commander of the Records Division for the JPCC, testifying as to the January 19 order, but there was no direct proof thereof. The only order included was from July 20, 2016, which confirmed the occurrence of the revocation hearing on that same date but did not speak to the January 19 order.

The Sheriff's instant Motion cures this defect. It contains the signed January 19 minute entry from the Jefferson Parish court reflecting that "[t]he

---

[27] *See* Doc. 680.

8

Defendant was ordered to be held for Revocation."[28] It also contains an affidavit from Deputy James Hilton, Clerk Supervisor with the Records Department at JPCC, stating that he personally entered the January 19 minute entry into the database of the Sheriff's Office.[29] This evidence proves that pursuant to a valid court order, Heron was incarcerated from mid-to-late June until July 20, 2016, the date of his revocation hearing.

The evidence also indicates that Heron received credit for time served. Heron was in detention from December 15, 2015 until January 19, 2016—at which point he was ordered to serve six months for contempt and be held for revocation until July 20, 2016. On January 26, 2016, the court entered another order amending its January 19 order to give Heron credit for time served between December 15 and January 26. This means Heron's contempt sentence ended around early June, which is when he would have been released had he not been held for revocation until July 20, per the January 19 court order.

## CONCLUSION

While the Court has serious concerns about a Drug Court that causes defendants to spend significantly more time incarcerated than had they served their original sentences outside Drug Court, what is before this Court is whether the Sheriff had discretion to deviate from a court order. The answer is he did not. Thus, and for the foregoing reasons, Defendant's Motion to Reconsider (Doc. 690) is **GRANTED**. The Court amends its previous Order

---

[28] Doc. 690-3 at 4.
[29] *Id.* at 2.

partially granting relief (Doc. 680) so as to fully grant summary judgment to the Sheriff. Because the Sheriff is the last remaining Defendant herein, this case is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 21st day of December, 2021

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**